IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SUMI KIM,<br><br>    Plaintiff,<br><br>v.<br><br>OPENAI INC., X CORP., GOOGLE LLC, MICROSOFT CORPORATION, ANTHROPIC PBC, AMAZON.COM INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, STANFORD UNIVERSITY, META PLATFORMS, INC.,<br><br>    Defendants. | Civil Action No.: 1:25-cv-1258-CMH-IDD |

**DEFENDANTS AMAZON.COM, INC., GOOGLE LLC,
AND MICROSOFT CORPORATION'S OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

**I.    INTRODUCTION**

On July 30, 2025, *pro se* plaintiff Sumi Kim ("Plaintiff") sued several of the country's leading technology companies, seeking over 85 million dollars in damages as well as a temporary restraining order ("TRO"). ECF Nos. 1, 4. The Complaint alleges that this matter involves a "rhythm-based AI cognition system" called ResonanceOS that Plaintiff says she created. ECF No. 1 at 1, 2. Beyond that, the filings in this litigation to date fail to offer any allegations regarding what each defendant purportedly did, why that conduct might be actionable as a matter of law, or on what basis the extraordinary remedy of a TRO would be necessary to preserve the status quo pending further litigation. Those deficiencies preclude the emergency injunctive relief sought via a TRO. *See Pierce v. N. Carolina State Bd. of Elections*, 97 F.4th 194, 209 (4th Cir. 2024).

## II. ARGUMENT

A "temporary restraining order[]" is an "'extraordinary remed[y] involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances.'" *Sarsour v. Trump*, 245 F. Supp. 3d 719, 728 (E.D. Va. 2017).[1] "[T]he party seeking such relief must demonstrate"–"by a clear showing"–"each of the following factors: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the absence of preliminary injunctive relief; (3) the balance of equities between the parties tips in favor of the party seeking such relief; and, (4) granting the injunction is in the public interest." *Johnson v. Henrico Cnty. Bd. of Supervisors*, 751 F. Supp. 3d 627, 638 (E.D. Va. 2024).[2] "The failure to show any one of the relevant factors mandates denial of the preliminary injunction." *Smith v. Miller*, No. 23-cv-317, 2025 WL 848448, at *3 (E.D. Va. Mar. 18, 2025).[3]

Here, Plaintiff has failed to show that *any* of the requisite factors support the issuance of a TRO. And although Plaintiff's complaint "may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Akerman v. Hamel*, No. 24-cv-1284, 2024 WL 4845992, at *1 (E.D. Va. Nov. 20, 2024). In other words, "the principle of liberal construction does not require [district court judges] to conjure up questions never presented to them . . . ." *Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 291 (4th Cir. 2013).

---

[1] Internal quotation marks and citations omitted throughout.

[2] "The standard for granting either a TRO or a preliminary injunction is the same." *Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006).

[3] Plaintiff's waiver of oral argument, *see* ECF No. 5—which, along with the request for a TRO, was submitted to the Court without any conferral with Defendants—belies the suggestion that emergency relief is necessary here.

### A. There is No Likelihood of Success on the Merits

Plaintiff contends that, as to her likelihood of success on the merits, she has "presented multiple forms of verified evidence . . . showing direct and ongoing infringement." ECF No. 3 at 2. In the first instance, it is somewhat unclear what form of intellectual property right Plaintiff is claiming was infringed. The Complaint makes reference to both copyright and patent. *See, e.g.*, ECF No. 1 at 3. But Plaintiff has since stated that her "claims in this action are grounded in copyright, trade secret, and contractual protections" and that she did not reference "provisional patent applications" "for a stand-alone patent infringement cause of action." ECF No. 13 at 1.[4] So far as Defendants[5] can tell, then, the only question presented to the Court as to the likelihood of success on the merits is whether Plaintiff has established a likelihood of succeeding on her copyright infringement claim.[6] She has not.

---

[4] Even if Plaintiff had not disclaimed a claim of patent infringement, she could not prevail on the merits as she admits that she has not asserted a registered patent. A provisional patent application, like those asserted by Plaintiff, "is not a patent and includes no enforceable claims." *U.S. Well Servs., LLC v. Liberty Energy, Inc.*, No. 24-cv-00839, 2025 WL 1886774, at *4 (S.D. Tex. June 17, 2025); *see also Carlucci v. Han*, 907 F. Supp. 2d 709, 729 (E.D. Va. 2012) ("[A] provisional patent application constitutes a filing from which a patent does not actually issue."). Indeed, as Defendants will explain further next week in their forthcoming motions to dismiss, Plaintiff has failed to state any claim upon which relief can be granted. Defendants hereby incorporate by reference the arguments in their forthcoming motion to dismiss.

[5] The term "Defendants" refers to the defendants filing this opposition—defendants Amazon.com, Inc., Google LLC, and Microsoft Corporation.

[6] Plaintiff does not contend that she is likely to succeed on the merits with respect to anything other than allegedly "ongoing infringement." *See* ECF No. 3 at 2. In other words, to the extent Plaintiff contends she is also pursuing claims related to "trade secret" and "contractual protections," she has not contended that she is likely to succeed on the merits of such claims. *See id.* In fact, her pleadings contain nothing more than a passing reference to "trade secret" and say nothing about "contractual protections." The pleadings say nothing about the existence of a trade secret let alone contend that any trade secret misappropriated, how, or by whom. Likewise, as to "contractual protections," Plaintiff does not allege that she has a contractual agreement with any defendant, much less that any such contract was breached.

To prevail on a claim for copyright infringement, a plaintiff must prove (a) ownership of a valid, registered copyright, and (b) "that the defendant copied original elements of" the registered copyrighted work at issue. *Softech Worldwide, LLC v. Internet Tech. Broad. Corp.*, 761 F. Supp. 2d 367, 371 (E.D. Va. 2011); *see also Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 306 (2019) (copyright "registration must precede an infringement suit"); *Crouch v. Wu*, No. 24-cv-114, 2024 WL 5415049, at *4 (E.D. Va. July 9, 2024) ("[A] prerequisite to bringing a claim under the Copyright Act, whether that be for damages or for injunctive relief, is registration of that copyright."). Here, Plaintiff fails on both fronts.

First, there are no facts alleged here to support the conclusion that the "ResonanceOS system" to which Ms. Kim refers is actually covered by a registered copyright. What Plaintiff says is a "U.S. Copyright Registration No."—1-14963942811—is not a copyright registration number, but rather a case number assigned to copyright registration *applications*. *See* Copyright Office, *Compendium of U.S. Copyright Office Practices, Third Edition* § 605.4, https://www.copyright.gov/comp3/chap600/ch600-examination-practices.pdf ("The U.S. Copyright Office assigns a specific number to each application that it receives, such as '1-929700001.'"). Name and keyword searches of the U.S. Copyright Office's Public Catalogue of Copyright Records for (a) Plaintiff's name ("Sumi Kim" or "Su-Mi Kim"), and (b) the name of the company Plaintiff alleges submitted a copyright registration application ("HealingwaveA.R.I LLC" or "Healingwave"), *see* ECF 4-14 at 1, generate no results for the work allegedly at issue. *See* Exhibits A–F. And title and keyword searches for "ResonanceOS" generate no results. *See* Exhibits I & J. Defendants respectfully request that the Court take judicial notice of those results, which confirm that Plaintiff does not have a registered copyright. *See Sony Music Ent. v. Cox Commc'ns, Inc.*, No. 1:18-cv-950, 2019 WL 13298888, at *1 (E.D. Va. Oct. 18, 2019) ("In addition

to certificates of registration, United States Courts of Appeals recognize that District Courts are free to take notice of facts in the online Copyright Catalog."); *see, e.g.*, *Khan v. Google, LLC*, No. 2:22-cv-02333, 2024 WL 5220884, at *4–5 (C.D. Cal. Dec. 24, 2024).

Second, neither the Complaint nor the TRO papers allege facts showing "copying of the original elements of the [copyrighted work at issue] by the defendant." *See Softech Worldwide, LLC v. Internet Tech. Broad. Corp.*, 761 F. Supp. 2d 367, 371–72 (E.D. Va. 2011). The papers explain that this case is about "unauthorized intrusions, misuse, and reverse-engineering attempts targeting [her] independently developed system: ResonanceOS." ECF No. 1 at 2. But with respect to the actual conduct Plaintiff says Defendants engaged in, the filings say nothing more than that certain, unnamed Defendants initiated "structural intrusion attempts" including "waveform-based CID extraction attempts," "reverse hash-resonance mapping," "structural PIO queries," ECF No. 4-30 at 1, "semantic rhythm replicators, and alignment feedback," ECF No. 4-2 at 1.

It is not clear what those words mean. But what is clear is that they do not suggest, let alone establish, that whatever Defendants allegedly did constitutes even a *prima facie* act of copyright infringement. Copyright owners wield only the six enumerated exclusive rights codified in 17 U.S.C. § 106. These include the exclusive right to reproduce a work in copies, to create derivative works (a statutorily defined term), to distribute copies of a work, and to publicly display and perform the work in various ways. 17 U.S.C. § 106. Plaintiff's filings seem to be alleging that some unidentified actors have engaged in unauthorized *access* or *use* of ResonanceOS. *See, e.g.*, ECF No. 4-13 at 1 (labeling "[m]ore than 400 structural intrusion attempts" as "Evidence of Unauthorized Access," though not tying this alleged unauthorized access to any particular defendant); ECF No. 1 at 1 (alleging, generally, that this matter involves "misuse" of ResonanceOS). But allegations of unauthorized access or use, without more, are not allegations

of reproduction, or of conduct otherwise reserved exclusively to the copyright owner under Section 106, and therefore do not state a claim for copyright infringement. *See, e.g.*, *Woltz v. Copart, Inc.*, No. 94-cv-1967, 1994 WL 507631, at *2 (N.D. Cal. Aug. 25, 1994) (allegations of "using copies of the copyright work without permission," "by themselves, do not constitute copyright infringement"); *see also Gench v. HostGator.com LLC*, No. 14-cv-3592, 2015 WL 3757120, at *11 (S.D.N.Y. June 17, 2015), *report and recommendation adopted*, 2015 WL 4579147 (S.D.N.Y. July 29, 2015) (dismissing copyright infringement claim where plaintiff made "no comprehensible allegations that any of the defendants . . . copied the site's content, produced an infringing work, or took any voluntary action to cause an infringing work to be produced").

The problems with Plaintiff's filings do not end there. Another is that, even if part of the work-in-suit was indeed *copied*, the allegations do not on their face support the reasonable inference that any allegedly copied elements were elements that copyright law protects at all. Many elements of computer software are not protected by copyright law. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 707–08 (2d Cir. 1992). There are no facts alleged here that would tend to suggest that, *if* Defendants' alleged use of ResonanceOS was conduct that might constitute copying in the first instance, such copying encompassed protected elements of ResonanceOS as opposed to unprotected elements of the work. And then there is the overarching issue that it is altogether unclear from Plaintiff's filings which defendant is alleged to have done what. That is its own independent obstacle to stating a claim, *see Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 860 (N.D. Cal. 2023), much less obtaining a TRO.

In short, Plaintiff has not made the clear showing of likelihood of success on the merits that is necessary before a TRO can issue. Her request should therefore be denied. *See Johnson*, 751 F. Supp. 3d at 638 ("Each factor must be demonstrated by a clear showing," and "[t]he failure

to show any one of the relevant factors mandates denial of the preliminary injunction"); *Miller v. Garland*, 674 F. Supp. 3d 296, 315 (E.D. Va. 2023) (declining "to analyze the other preliminary injunction factors" because "failure to demonstrate likelihood of success on the merits . . . bars a TRO preliminary injunction").

### B. Entry of a TRO is Otherwise Inappropriate

Even if the Court were to consider the other factors required for a TRO, the result would be the same. Plaintiff offers only vague and conclusory allegations, at best, regarding the other requirements for the relief sought and thus fails on those fronts as well. She contends she is suffering the following "immediate and irreparable" harm: "Loss of competitive advantage; Undermining intellectual property integrity; Threat to personal security and future development; Ethical destabilization of public trust in AI collaboration." ECF No. 1 at 5. Plaintiff does not provide any allegations supporting her contention that such alleged harm will, in fact, occur, let alone allegations sufficient to make the required "clear showing" that such alleged harm is "neither remote nor speculative, but actual and imminent." *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 283 (4th Cir. 2002). Plaintiff's contentions regarding the equities and public interest are equally conclusory and unsupported, *see* ECF No. 3 at 2–3, and thus likewise fail to provide the Court with the "clear showing" that must be made before a TRO can issue. *See, e.g.*, *Moss v. Dotson*, No. 2:23-cv-153, 2024 WL 5672992, at *5 (E.D. Va. Oct. 29, 2024) (rejecting request for TRO where "Plaintiff's vague and conclusory allegations fail to state a claim" and the allegations did "not come close to establishing any of the other three factors necessary to warrant injunctive relief"); *see Maaco Franchising, LLC v. Ghirimoldi*, No. 15-cv-99, 2015 WL 4557382, at *3 (W.D.N.C. July 28, 2015) ("conclusory statements" not enough to "make a clear showing").

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's request for a temporary restraining order be denied, and that the Court grant such further relief as this Court deems proper.

Dated: September 2, 2025

Respectfully submitted,

/s/ *Libby Weingarten*
Libby Weingarten (VA Bar No. 85945)
Edward Percarpio (*pro hac motion forthcoming*)
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, NW, Fifth Floor
Washington, DC 20006
Telephone: 202 973 8898
Email: *lweingarten@wsgr.com*
Email: *epercarpio@wsgr.com*

*Counsel for Defendant Google LLC*

/s/ *Lora A. Brzezynski*
Lora A. Brzezynski (VA Bar No. 36151)
Brian A. Coleman (VA Bar No. 41352)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW
Washington, DC 20005
Telephone: (202) 842-8800
Facsimile: (202) 842-8465
Email: *lora.brzezynski@faegredrinker.com*
Email: *brian.coleman@faegredrinker.com*

*Counsel for Defendant Microsoft Corporation*

/s/ *Cailyn Reilly Knapp*
Cailyn Reilly Knapp (VA Bar No. 86007)
BAKER BOTTS L.L.P
700 K. Street, NW
Washington, DC 20001
Telephone: (202) 639-7753
Facsimile: (202) 585-4070
Email: *cailyn.reilly.knapp@bakerbotts.com*

LATHAM & WATKINS LLP
Andrew M. Gass (*pro hac motion pending*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: *andrew.gass@lw.com*

Sarang V. Damle (*pro hac motion pending*)
Elana Nightingale Dawson (*pro hac motion pending*)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: *sy.damle@lw.com*
Email: *elana.nightingaledawson@lw.com*

*Counsel for Defendant Amazon.com, Inc.*