# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

SUMI KIM

        Plaintiff,

    v.

OPENAI INC., et al.,

        Defendants.

Case No. 1:25-cv-01258-CMH-IDD

## DEFENDANT META PLATFORMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ................................................................................................. 2

III.    ARGUMENT ...................................................................................................... 4

        A.      The Complaint Should Be Dismissed for Lack of Personal Jurisdiction.............. 4

                1.      Meta is not subject to general jurisdiction in Virginia.............................. 4

                2.      Meta is not subject to specific jurisdiction in Virginia. ........................... 5

        B.      The Complaint Fails to Satisfy Rule 8................................................................ 7

        C.      Plaintiff Fails to State Any Claim Against Meta. ................................................ 9

                1.      Plaintiff fails to state a claim for violation of the Copyright Act
                        against Meta. .................................................................................... 9

                2.      Plaintiff fails to state a claim for violation of the Patent Act against
                        Meta. ............................................................................................. 12

        D.      Plaintiff Is Not Entitled to a Temporary Restraining Order or Preliminary
                Injunction Against Meta. .................................................................................. 13

IV.     CONCLUSION.................................................................................................. 15

4164-0295-9199.4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*2311 Racing LLC v. Nat'l Ass'n for Stock Car Auto Racing, LLC*,
139 F.4th 404 (4th Cir. 2025) ................................................................14

*Andrews v. Shandong Linglong Tyre Co., Ltd.*,
656 F. Supp. 3d 583 (E.D. Va. 2023) ......................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..............................................................................7, 9

*ATCS Int'l. LLC v. Jefferson Contracting Corp.*,
807 F. Supp. 2d 516 (E.D. Va. 2011) .....................................................15

*Baker v. Patterson Medical Supply, Inc.*,
No. 4:11cv37, 2011 WL 7153948 (E.D. Va. Nov. 17, 2011) ...................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................9

*Benton v. Layton*,
628 F. Supp. 3d 661 (E.D. Va. 2022) ......................................................9

*Carter v. Va. Dep't of Game and Inland Fisheries*,
No. 3:16-cv-661, 2018 WL 3614975 (E.D. Va. July 27, 2018) ...............7

*Chan Soo Kim v. Green Tea Ideas, Inc.*,
No. 3:17-CV-00449, 2018 WL 1172998 (E.D. Va. Mar. 6, 2018) ....12, 13

*Chinsammy v. United States*,
95 Fed. Cl. 21 (2010) .............................................................................13

*Consulting Eng'rs Corp. v. Geometric Ltd.*,
561 F.3d 273 (4th Cir. 2009) ...................................................................6

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .................................................................................5

*Di Biase v. SPX Corp.*,
872 F.3d 224 (4th Cir. 2017) .................................................................14

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ...........................................................................10, 11

4164-0295-9199.4

*Forsburg v. Wells Fargo & Co.*,
  596 F. Supp. 3d 572 (W.D. Va. 2022) ...................................................7

*Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*,
  586 U.S. 296 (2019)...........................................................................10, 11

*Garris v. Ocwen Loan Servicing, LLC*,
  No 1:14cv118, 2014 WL 1385872 (E.D. Va. Apr. 9, 2014)...................8

*Gillison v. Lead Express, Inc.*,
  No. 3:16cv41, 2017 WL 1197821 (E.D. Va. Mar. 30, 2017) ..................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)...............................................................................4

*Grayson v. Anderson*,
  816 F.3d 262 (4th Cir. 2016) .................................................................4

*Harris v. Lexjet Corp.*,
  No. 3:09-CV-616, 2009 WL 4683699 (E.D. Va. Dec. 3, 2009) ............10

*Hart v. Scholl's Wellness Co.*,
  No. 2:21cv497, 2022 WL 18777382 (E.D. Va. July 29, 2022) ...............9

*Hassan v. Barzani*,
  674 F. Supp. 3d 282 (E.D. Va. 2023) .....................................................5

*Hennon v. Kirklands, Inc.*,
  870 F. Supp. 118 (W.D. Va. 1994) .......................................................15

*Jackson v. Michalski*,
  No. 3:10-cv-00052, 2011 WL 3679143 (W.D. Va. Aug. 22, 2011) .......10

*Johnson v. Countrywide Home Loans, Inc.*,
  No. 2:15cv513, 2016 WL 7042944 (E.D. Va. Jan 26, 2016)..................14

*Long v. Chevron Corp.*,
  No. 4:11cv47, 2011 WL 3903066 (E.D. Va. Sept. 2, 2011)....................6

*Macher v. Netflix, Inc.*,
  684 F. Supp. 3d 509 (W.D. Va. 2023) ..................................................12

*Metro. Eng'g, Inc. v. WDG Architecture, PLLC*,
  No. 1:22-cv-1413, 2023 WL 5673117 (E.D. Va. Sep. 1, 2023) ............12

*Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*,
  722 F.3d 591 (4th Cir. 2013) ...............................................................14

*Moore v. Kempthorne*,
464 F. Supp. 2d 519 (E.D. Va. 2006) ....................................................14

*Morley-Mower v. Prof'l Foreclosure Corp. of Va.*,
No. 5:16-mc-1, 2016 WL 3811553 (W.D. Va. June 21, 2016) .............................14

*Orion Capital, LLC v. Promier Prods., Inc.*,
No. 4:21-cv-00015, 2021 WL 4943501 (W.D. Va. Oct. 22, 2021) ........................7

*Potomac Auto Mall Holdings, Inc. v. Blue Clover Fin., LLC*,
No. 1:20-cv-865, 2020 WL 6946599 (E.D. Va. Nov. 24, 2020) ...........................5

*Romero v. Meta Platforms, Inc.*,
No. 23-CV-3306, 2024 WL 3466403 (D.S.C. July 19, 2024), *aff'd*, No. 24-
1729, 2024 WL 5200156 (4th Cir. Dec. 23, 2024), *cert. denied*, 145 S. Ct.
1972 (2025), *reh'g denied*, No. 24-6673, 2025 WL 1787836 (U.S. June 30,
2025) ..............................................................................................5, 11

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*,
506 U.S. 194 (1993)........................................................................11

*Russell v. Meta Platforms, Inc.*,
No. 23-CV-193, 2024 WL 4800365 (N.D. Miss. May 29, 2024)...........................5

*Secret of the Islands, Inc. v. Hymans Seafood Co.*,
No. 2-17-cv-00342, 2018 WL 1566706 (D.S.C. Mar. 30, 2018)...........................12

*Sewraz v. Guice*,
No. 3:08-cv-35, 2008 WL 3926443 (E.D. Va. Aug. 26, 2008) .............................8

*Softech Worldwide, LLC v. Internet Tech. Broad. Corp.*,
761 F. Supp. 2d 367 (E.D. Va. 2011) .....................................................12

*Sony Music Ent. v. Cox Commc'ns, Inc.*,
No. 1:18-cv-950, 2019 WL 13298888 (E.D. Va. Oct. 18, 2019) .........................11

*Stogsdill v. Clear*,
No. 7:23cv00133, 2025 WL 952261 (W.D. Va., March 28, 2025) ........................8

*Walden v. Fiore*,
571 U.S. 277 (2014)...........................................................................6

*Williams Ohio Valley Midstream, LLC v. Kittle*,
No. 23-2185, 2024 WL 3325532 (4th Cir. July 8, 2024)...................................15

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)...........................................................................6

-iv-

**Statutes**

17 U.S.C. § 411(a) ................................................................................................10

United States Copyright Act ..............................................................................9, 10

United States Patent Act ...................................................................................3, 12

4164-0295-9199.4

## I. INTRODUCTION

Plaintiff Sumi Kim—who claims to be the inventor of an "AI Operating System" called ResonanceOS—brings this action against Meta and eight other defendants. Plaintiff alleges "active and unauthorized intrusions" and misuse of the operating system, as well as purported "reverse-engineering attempts targeting" that operating system. Noticeably absent, however, are any allegations or specific claims regarding Meta. Plaintiff's Complaint should be dismissed with prejudice.

*First*, Plaintiff fails to plead any facts establishing that this Court has personal jurisdiction over Meta in Virginia. Plaintiff does not *attempt* to plead general jurisdiction over Meta and could not do so in any event—Meta is a Delaware corporation with its principal place of business in California. Nor does Plaintiff attempt to establish specific jurisdiction over Meta; indeed, the single allegation mentioning Meta alleges only that Plaintiff attempted to "resolve [the] matters peacefully" but "[d]espite over 40 direct communications—including messages to OpenAI (Sam Altman), X (Elon Musk), Google, *Meta*, Microsoft, Anthropic, Amazon, MIA, and Stanford"— Plaintiff did not receive a "meaningful response." Compl. at 2 (emphasis added). This single sentence does not allege any specific conduct by Meta, much less any conduct by Meta *in Virginia*. Plaintiff thus fails to establish personal jurisdiction over Meta, and this action should be dismissed for that threshold defect.

*Second*, the Complaint fails to satisfy Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's disjointed allegations do not assert any specific claims against Meta (or any other defendant) and the Complaint does not contain any discernable details of what Meta purportedly did wrong. While *pro se* plaintiffs are afforded a degree of pleading leniency, to state a claim, Plaintiff still must give sufficient notice of the claim(s) asserted against Meta so that it can prepare a defense. Plaintiff's failure to allege any conduct by Meta (much less wrongful conduct)—or

even identify any specific claims against it—is insufficient to satisfy Rule 8.

*Third*, even if the Complaint is construed to assert claims against Meta under the Copyright Act or the Patent Act (claims that the Complaint merely alludes to), Plaintiff has not pled any of the elements necessary for either claim. To state a claim under the Copyright Act, Plaintiff must plead ownership of a valid copyright, and that Meta copied that work. Plaintiff has done neither. At most, the Complaint alleges that Plaintiff submitted materials to the Copyright Office, which is insufficient as a matter of law to assert a copyright claim. And Plaintiff does not (and cannot) state a claim for patent infringement because Plaintiff does not allege a valid patent. Instead, Plaintiff lists a provisional patent application in the Complaint, which by itself does not confer intellectual property rights.

*Finally*, given the failure to state any valid claim for relief, the complaint necessarily fails the even higher hurdle required to obtain temporary injunctive relief. Plaintiff's request for the extraordinary remedy of a temporary restraining order and preliminary injunction should therefore be denied, to the extent that request is properly before the Court at all.

## II.    BACKGROUND

The Complaint alleges that pro se plaintiff Sumi Kim is the "sole inventor and architect of ResonanceOS," which is, according to Plaintiff, an "original and independently developed rhythm-based artificial intelligence cognition system." Compl. at 1.

While Plaintiff brings this suit against Meta and multiple other companies and academic institutions, it is unclear what Plaintiff alleges that Meta (or any other defendant) did wrong. Instead, Plaintiff summarily claims the "matter" involves "active and unauthorized intrusions, misuse, and reverse-engineering attempts" targeting ResonanceOS. Compl. at 2. But again, Plaintiff does not specify Meta's alleged role in any purported misconduct. *See id.* The allegations against Meta are limited to the following sentence: "As the sole inventor and architect of

2

ResonanceOS, I [Plaintiff] have made every effort to resolve these matters peacefully and professionally with major AI corporations," but despite "40 direct communications—including messages to OpenAI (Sam Altman), X (Elon Musk), Google, Meta, Microsoft, Anthropic, Amazon, MIA, and Stanford—no meaningful response was received." Compl. at 2.

The Complaint does not identify a specific claim against Meta or any of the other defendants. The separately filed "Statement of Jurisdiction," however, states that the claims "arise under the United States Copyright Act, the Patent Act, and include requests for emergency injunctive relief." ECF No. 1-2 at 1 (citations omitted). Plaintiff purports to provide "copyright & patent evidence" related to ResonanceOS, but Plaintiff does not allege either a valid copyright or a valid patent. *See* Compl. at 3-4. Instead, Plaintiff vaguely identifies copyright titles purportedly submitted to the Copyright Office for registration and a *provisional patent application*. *Id.*; *see also* ECF No 4-14 at 44-45; 4-15 at 46. On these vague allegations, Plaintiff seeks "emergency relief" related to the alleged "unauthorized intrusion attempts." *Id.* at 4.

Plaintiff also separately filed an Emergency Motion for Temporary Restraining Order ("TRO"), asking the Court to issue a TRO to halt alleged "use, access, or reverse-engineering of ResonanceOS by named parties," including Meta and the other defendants. ECF No. 3 ("Mot.").[1] In support of Plaintiff's TRO Motion, Plaintiff submits a "Declaration Regarding Resonance Session Logs Originated via Meta Platforms[,]" but the declaration, which is largely unintelligible,

---

[1] As of today, Meta has not been served with this Motion, nor does the Motion set a hearing date, which are required under Local Rule 7(F)(1) to establish a deadline for Meta's response. Plaintiff otherwise did not follow this Court's Local Rule 7 requiring a separate motion, memorandum, and notice for hearing, and submission of a motion without a hearing requires consent from the opposing parties. Plaintiff also failed to seek consent for submission of the motion without oral argument in violation of Local Civil Rule 7(E). Notwithstanding, because the Complaint (improperly) reiterates the arguments for a TRO and Preliminary Injunction, Meta responds to those arguments herein. *See infra* III.C.3. In addition, Meta hereby incorporates and joins the arguments presented in Dkt. No. 25, Defendants Amazon.com, Inc., Google LLC, and Microsoft Corporation's Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order.

4164-0295-9199.4

is not tied to any specific claim (of which there are none).  *See* ECF No. 4-20 at 58-60

## III.     ARGUMENT

### A.     The Complaint Should Be Dismissed for Lack of Personal Jurisdiction

Under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge."  *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016).  When faced with a motion pursuant to Rule 12(b)(2), "the Court undertakes a two-step inquiry.  First, the Court determines whether the long-arm statute of the forum state authorizes the exercise of jurisdiction over the challenging, nonresident defendant.  Then, the Court evaluates whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment."  *Andrews v. Shandong Linglong Tyre Co., Ltd.*, 656 F. Supp. 3d 583, 591 (E.D. Va. 2023) (citation omitted).  In Virginia, "the two-prong test collapses into a single inquiry"—i.e., whether the defendant "ha[s] certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Id*. (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316(1945)) (second alteration in original).

As explained below, the Complaint lacks even a single allegation related to personal jurisdiction and therefore fails to allege sufficient contacts between Meta and Virginia to subject Meta to personal jurisdiction here.

### 1.     Meta is not subject to general jurisdiction in Virginia.

A court may assert general jurisdiction over nonresident defendants only when their "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317).  Absent exceptional circumstances, a corporate defendant is only "at home" in a forum where it is either incorporated or has its principal place of business.

4

*Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Here, there are no facts that would establish Meta is "at home" in Virginia. Indeed, Plaintiff does not (and could not) allege that Meta's place of incorporation or its principal place of business are in Virginia. Indeed, Meta is a Delaware corporation with its principal place of business in California.[2] Moreover, Plaintiff's sparse allegations do not attempt to connect Meta to Virginia at all, much less attempt to establish an exceptional connection. Accordingly, the Court cannot exercise general personal jurisdiction over Meta here. *See Romero v. Meta Platforms, Inc.*, No. 23-CV-3306, 2024 WL 3466403, at *4-5 (D.S.C. July 19, 2024) (finding no general jurisdiction over Meta where "Meta is a Delaware corporation with its primary place of business in California" and "there is no evidence of any affiliations with South Carolina that are so substantial that Meta may be considered comparable to a South Carolina company" (quoting Magistrate's Report and Recommendation)), *aff'd*, No. 24-1729, 2024 WL 5200156 (4th Cir. Dec. 23, 2024), *cert. denied*, 145 S. Ct. 1972 (2025), *reh'g denied*, No. 24-6673, 2025 WL 1787836 (U.S. June 30, 2025); *Russell v. Meta Platforms, Inc.*, No. 23-CV-193, 2024 WL 4800365, at *3 (N.D. Miss. May 29, 2024) (finding no basis for general jurisdiction in Mississippi because Meta is "incorporated in Delaware and its principal place of business is in California).

### 2.  Meta is not subject to specific jurisdiction in Virginia.

Specific jurisdiction exists only "where the defendant's contacts with the forum state 'form the basis for the suit.'" *Hassan v. Barzani*, 674 F. Supp. 3d 282, 292 (E.D. Va. 2023) (citations omitted). The Fourth Circuit has established a three-part test to evaluate the sufficiency of a

---

[2]  Meta Platforms, Inc., Form 10-K (Jan. 30, 2025) at 13, available at https://www.sec.gov/Archives/edgar/data/1326801/000132680125000017/meta-20241231.htm (last visited, Sept. 3, 2025). On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the Court may consider "pleadings, affidavits, motion papers, and supporting legal memoranda, as well as 'evidence outside the pleadings.'" *Potomac Auto Mall Holdings, Inc. v. Blue Clover Fin., LLC*, No. 1:20-cv-865, 2020 WL 6946599, at *3 (E.D. Va. Nov. 24, 2020) (citation omitted).

defendant's contacts that requires courts to consider: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd*., 561 F.3d 273, 278 (4th Cir. 2009) (citations omitted). To make this determination, courts must decide whether the defendant's "conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). This turns on "whether *the defendant's* actions connect [it] to the *forum* . . . ." *Walden v. Fiore,* 571 U.S. 277, 288-89 (2014) (alteration in original) (finding no "minimal contacts" where "no part of [defendant]'s course of conduct occurred in" the forum state).

Here, Plaintiff fails to allege any conduct by Meta in Virginia whatsoever—let alone conduct related to Plaintiff's claims—that would give rise to specific jurisdiction. In fact, the only mention of Virginia is in Plaintiff's "Statement of Jurisdiction," which claims that venue is proper in the Eastern District of Virginia because Plaintiff resides there, and "a substantial part of the events giving rise to the claims occurred in this district." ECF No.1-2, Statement of Jurisdiction at 1. But that Plaintiff resides in Virginia is by itself insufficient to establish specific jurisdiction over Meta. *Long v. Chevron Corp.*, No. 4:11cv47, 2011 WL 3903066, at *13 (E.D. Va. Sept. 2, 2011) (finding plaintiff failed to establish personal jurisdiction where, "[a]t most, Plaintiff alleges that Defendants have business interests in Virginia that do not relate to this lawsuit and Plaintiff has suffered injury in Virginia . . . .") (emphasis omitted). And Plaintiff's conclusory allegation that "a substantial part of the events giving rise to the claims occurred in this district" (ECF No.1-2, Statement of Jurisdiction at 1) says nothing about Meta or what actions it allegedly undertook

in this district. *See, e.g.*, *Baker v. Patterson Medical Supply, Inc.*, No. 4:11cv37, 2011 WL 7153948, *4 n.5 (E.D. Va. Nov. 17, 2011) (explaining that "bare legal conclusions are insufficient to establish a prima facie case of jurisdiction"); *Gillison v. Lead Express, Inc.*, No. 3:16cv41, 2017 WL 1197821, at *12 (E.D. Va. Mar. 30, 2017) (plaintiffs failed to establish specific jurisdiction based on defendants' general allegations of "business contacts with Virginia" where contacts did not "'arise out of' the Plaintiffs' causes of action"); *Forsburg v. Wells Fargo & Co.*, 596 F. Supp. 3d 572, 578 n.7 (W.D. Va. 2022) (declining to conduct a specific jurisdiction analysis where the complaint contained "no allegations as to specific personal jurisdiction over [defendant] in . . . California"); *Orion Capital, LLC v. Promier Prods., Inc.*, No. 4:21-cv-00015, 2021 WL 4943501, at *5 (W.D. Va. Oct. 22, 2021) (finding no personal jurisdiction over defendant in Virginia when plaintiff made only "conclusory statements asserting that personal jurisdiction" was reasonable). Indeed, the Complaint fails to allege that Meta directed any business activities towards Virginia that gave rise to Plaintiff's Complaint.

Accordingly, because Plaintiff fails to establish either general or specific jurisdiction over Meta, Meta must be dismissed for lack of personal jurisdiction.

### B.     The Complaint Fails to Satisfy Rule 8.

Even if the Court does not dismiss for lack of personal jurisdiction, Plaintiff's threadbare allegations against Meta are so vague and disjointed that they fail to satisfy Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Though Rule 8 does not require "detailed factual allegations," it requires more than "labels and conclusions" or "naked assertion[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original). Under Rule 8, essential components of a complaint are to provide "fair notice of what the claim is and the grounds upon which it rests" and to be "clear enough to enable the defendant to know how to defend" itself. *Carter v. Va. Dep't of Game and Inland Fisheries*,

7

No. 3:16-cv-661, 2018 WL 3614975, at *6 (E.D. Va. July 27, 2018) (citation omitted). Relevant here, even "pro se plaintiffs must recognize Rule 8's vision for 'a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims.'" *Sewraz v. Guice*, No. 3:08-cv-35, 2008 WL 3926443, at *1 (E.D. Va. Aug. 26, 2008) (citation omitted) (emphasis omitted).

Plaintiff's disjointed Complaint—which does not state any specific claims—scarcely mentions Meta and does not describe any alleged conduct with the coherence required to give Meta notice of any specific claims asserted against it. *See Garris v. Ocwen Loan Servicing, LLC*, No 1:14cv118, 2014 WL 1385872, at *2 (E.D. Va. Apr. 9, 2014) (finding plaintiff's complaint did not satisfy Rule 8 where it was "comprised of forty-five pages with no discernable structure" and much of it consistent of "rambling narrative interspersed with irrelevant legal citations and accusations of collective and individual wrongdoing by Defendants."). Indeed, the only mention of Meta is in an allegation against all Defendants collectively regarding Plaintiff's purported attempts to "resolve these matters." Compl. at 2 ("Despite over 40 direct communications—including messages to OpenAI (Sam Altman), X (Elon Musk), Google, Meta, Microsoft, Anthropic, Amazon, MIT, and Stanford—no meaningful response was received."). But Plaintiff does not tie this single allegation to any purported claim against Meta—indeed, Plaintiff does not even state what "matters" Plaintiff purportedly sought to resolve. Instead, throughout the Complaint, Plaintiff "lump[s] together" the defendants in "broad allegation[s]," which "fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Stogsdill v. Clear*, No. 7:23cv00133, 2025 WL 952261, at *3 (W.D. Va., March 28, 2025) (citation omitted) (alterations in original) (finding plaintiff's "collective references" to the defendants did not "substitute for the requirement that he identify

8

actions or inactions of each individual defendant" under Rule 8); *see also Hart v. Scholl's Wellness Co.*, No. 2:21cv497, 2022 WL 18777382, at *3 (E.D. Va. July 29, 2022) ("For group pleading to meet the Rule 8(a)(2) pleading standard, it must be plausible that each defendant was involved in all of the facts as alleged." (citation omitted)).  Accordingly, Plaintiff's Complaint fails to satisfy Rule 8 and should be dismissed

### C.  Plaintiff Fails to State Any Claim Against Meta.

If the Court declines to dismiss for lack of personal jurisdiction or under Rule 8, it should nonetheless dismiss this action for failure to state a claim.  It is well-settled that to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  The complaint's factual allegations must "raise a right to relief above the speculative level." *Id.* at 555.  In other words, the complaint's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although a court must accept all factual allegations in the complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Benton v. Layton*, 628 F. Supp. 3d 661, 665 (E.D. Va. 2022) (noting "a court 'need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" (quoting *Turner v Thomas*, 930 F.3d 640, 644 (4th Cir. 2019))).

### 1.  Plaintiff fails to state a claim for violation of the Copyright Act against Meta.

While the Complaint does not contain any specific claims against Meta, Plaintiff separately asks the Court to "[e]nforce copyright protections over the ResonanceOS framework," ECF No. 4 at 5, and purports to assert claims "under the United States Copyright Act," ECF No. 1-2.  To the extent these statements, or any other material submitted with the Complaint, can be construed as

9

attempting to assert a violation of the Copyright Act against Meta, Plaintiff fails to state any such claim. To state a violation of the Copyright Act, two elements must be pled: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has not pled either element.

*First*, Plaintiff does not plead ownership of a valid copyright. "A copyright granted by the United States Copyright Office is prima facie proof of the validity of the copyright, including the existence of the elements of originality and fixation." *Jackson v. Michalski*, No. 3:10-cv-00052, 2011 WL 3679143, at *14 (W.D. Va. Aug. 22, 2011) (quoting *M. Kramer Mfg. v. Andrew*, 783 F.2d 42, 434 (4th Cir. 1986). But Plaintiff does not attach a certificate from the Copyright Office demonstrating that a copyright was ever granted. *See Harris v. Lexjet Corp.*, No. 3:09-CV-616, 2009 WL 4683699, at *3 (E.D. Va. Dec. 3, 2009) (dismissing copyright claim where plaintiff made "several references to the copyright registration in his [c]omplaint" but did not provide a copy of it or otherwise plead sufficient facts to show he owned a valid registered copyright). To the contrary, the Complaint alleges that Plaintiff submitted an application for a copyright but does not allege that the Copyright Office ever granted the application. *See* ECF No. 4-14 at 44 ("C-3.4(A)… The following document summarizes the strategic copyright *submission…*") (emphasis added). But Plaintiff cannot bring a copyright infringement claim based upon a mere submission to the Copyright Office.

To the contrary, the Copyright Act is explicit, "no civil action for infringement…shall be instituted until…registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). And under United States Supreme Court precedent, that requirement is satisfied only after the Copyright Office *grants* the registration. *Fourth Estate Pub. Ben. Corp. v.*

*Wall-Street.com, LLC*, 586 U.S. 296, 302 (2019) (holding the only plausible interpretation for when "registration…has been made" is when "the Copyright Office grants registration" (alteration in original)).  Plaintiff, at most, alleges submitting an application for a copyright, but not a valid copyright.  *See* Compl. at 3; ECF No. 4-14 at 44-45.  Further, as shown in ECF No. 25 (Defendants Amazon.com, Inc., Google LLC, and Microsoft Corporation's Opposition to Plaintiff's TRO), there is no record of any registered copyright registration for any of the work allegedly at issue.  *See* ECF No. 25 at 4; 25-1- 25-10.[3] This deficiency requires dismissal with prejudice.[4] *See Fourth Estate Pub.*, 586 U.S. at 309 (affirming dismissal of copyright claim where plaintiff alleged it had filed applications to register the articles with the Copyright Office but did not allege that registration had been granted prior to filing suit).

*Second,* any purported copyright claim against Meta also fails for the additional reason that Plaintiff has not pled Meta copied anything, much less "constituent elements of [Plaintiff's] work that are original."  *Feist Publ'nsI*, 499 U.S. at 361.  Plaintiff's sole mention of Meta in the Complaint does not support a purported copyright claim whatsoever.  *See* Compl. at 2 ("Despite only 40 direct communications—including messages to OpenAI (Sam Altman), X (Elon Musk), Google, *Meta*, Microsoft, Anthropic, Amazon, MIT, and Stanford—no meaningful response was

---

[3] Meta joins Amazon's, Microsoft's, and Google's request that the Court take judicial notice of their submitted exhibits (ECF No. 25-10 -25-10) from the Copyright Catalog.  *See Sony Music Ent. v. Cox Commc'ns, Inc.*, No. 1:18-cv-950, 2019 WL 13298888, at *1 (E.D. Va. Oct. 18, 2019) ("In addition to certificates of registration, United States Courts of Appeals recognize that District Courts are free to take notice of facts in the online Copyright Catalog.").

[4] In the Ex. C-3.4(A), Plaintiff alleges that the submission was filed under "HealingwaveA.R.I. LLC by ARI (Sumi Kim)."  ECF No. 4-14 at 44.  It is unclear from the allegation if Plaintiff submitted the application or, if approved, the copyright would be owned by the LLC.  If the copyright application was filed on behalf of the LLC, then Plaintiff's claim should be dismissed for the additional reason that they are not the proper plaintiff because it is well-established that Plaintiff cannot bring claims on the LLC's behalf *pro se. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

11

received." (emphasis added)). And Plaintiff's declaration submitted in support of the TRO Motion does cure this defect because—aside from being largely unintelligible—it also fails to allege that Meta copied any of the allegedly copyrighted materials. *See* ECF No. 4-20 at 58. Plaintiff fails to state a copyright claim for this additional reason. *See Metro. Eng'g, Inc. v. WDG Architecture, PLLC,* No. 1:22-cv-1413, 2023 WL 5673117, at *5 (E.D. Va. Sep. 1, 2023) (dismissing copyright claim for failure to sufficiently allege the defendant copied any copyrighted work where plaintiff did not allege the content of defendant's alleged copied drawings or attach them to the complaint); *Secret of the Islands, Inc. v. Hymans Seafood Co*., No. 2-17-cv-00342, 2018 WL 1566706, at *7–8 (D.S.C. Mar. 30, 2018) (dismissing copyright claim for failure to allege defendants copied the images that the plaintiff had a copyright on); *Macher v. Netflix, Inc.*, 684 F. Supp. 3d 509, 515–16 (W.D. Va. 2023) (dismissing copyright claim for failing to allege any facts supporting the conclusory allegation the defendant "copied protected aspects of his book"); *see Softech Worldwide, LLC v. Internet Tech. Broad. Corp.,* 761 F. Supp. 2d 367, 371–72 (E.D. Va. 2011) (denying TRO holding the court could not "find copyright violations as to these pieces of software" where plaintiff was "not specific regarding which pieces of software [had] been copied").

### 2. Plaintiff fails to state a claim for violation of the Patent Act against Meta.

Again, while the Complaint does not specifically allege any claims against Meta, it purports to provide "Patent Evidence[,]" includes a citation to a "USPTO Provisional Patent Application No. 63/811,886" (Compl. at 3), and alleges the "claims arise under…the Patent Act[.]" ECF No. 1-2. To the extent those allegations, or any other material submitted with the Complaint, can be construed as attempting to assert a patent infringement claim, Plaintiff fails to state any such claim.

It is axiomatic that to state a claim for patent infringement, the plaintiff must identify the patent that has been infringed upon. *Chan Soo Kim v. Green Tea Ideas, Inc.*, No. 3:17-CV-00449,

2018 WL 1172998, at *2 (E.D. Va. Mar. 6, 2018) ("To plead patent infringement, a plaintiff must first identify which patent claims the defendant infringed."). The plaintiff then must "specify which features of an accused product correspond to the limitations in the allegedly infringed patent[,]" and "identify with 'particularity how each allegedly infringing feature of the accused product[] infringes' the patent, literally or under the doctrine of equivalents." *Id.* (quoting *Jenkins v. LogicMark, LLC*, No. 3:16-cv-751, 2017 WL 376154, at *3 (E.D. Va. Jan. 25, 2017)) (emphasis omitted) (second alteration in original).

The patent claim fails at the first step because the Complaint identifies only a provisional patent application, not an enforceable patent. Compl. at 3 (USPTO *Provisional Patent Application* No. 63/811,886); *Chinsammy v. United States*, 95 Fed. Cl. 21, 25 (2010) (dismissing patent infringement claims because claim relied on a provisional patent and "[p]rovisional patent rights *do not exist* independently of the requisite approved and issued patent" (emphasis added)). Regardless, the Complaint also fails the remaining steps—it does not identify any activity by Meta that purportedly infringes even Plaintiff's provisional application, or any specific features of a Meta system that in any way relate to Plaintiff's supposed technology. *See generally* Compl. at 1-3. As noted above, Meta is only referenced in one sentence unrelated to any alleged patent, and the declaration in support of Plaintiff's claims against Meta is unintelligible. *See* ECF No. 4-20 at 58. Plaintiff has not and cannot state a patent infringement claim against Meta, and any such claim should be dismissed with prejudice.

### D. Plaintiff Is Not Entitled to a Temporary Restraining Order or Preliminary Injunction Against Meta.

Within the Complaint, and by separate motion, Plaintiff purports to seek a temporary restraining order and preliminary injunction against all the defendants. As an initial matter, a temporary restraining order and a preliminary injunction are interim forms of relief and do not

amount to standalone or independent causes of action.  In any event, Plaintiff cannot satisfy the high bar for such extraordinary relief.

"Because a preliminary injunction grants relief, albeit temporarily, before trial on the merits, it is an 'extraordinary and drastic remedy,' 'that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.' And it should be 'granted only sparingly and in limited circumstances.'" *2311 Racing LLC v. Nat'l Ass'n for Stock Car Auto Racing, LLC*, 139 F.4th 404, 408 (4th Cir. 2025) (citations omitted).  To be entitled to such relief, plaintiffs must show "that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm, (3) the balance of hardships tips in their favor, and (4) the injunction is in the public interest." *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 595 (4th Cir. 2013).  Each of these four factors must be satisfied. *Di Biase v. SPX Corp*., 872 F.3d 224, 230 (4th Cir. 2017). The standards for a TRO and a preliminary injunction are functionally identical.  *Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) ("The standard for granting either a TRO or a preliminary injunction is the same.").

Because Plaintiff's Complaint fails to satisfy Rule 8 or sufficiently state any element of any claim, Plaintiff necessarily cannot show a likelihood of success on the merits.  *See supra* at III.B.  This is fatal to Plaintiff's request for a TRO.  *See Johnson v. Countrywide Home Loans, Inc.*, No. 2:15cv513, 2016 WL 7042944, at *5 (E.D. Va. Jan 26, 2016) (denying request for a TRO and preliminary injunction where plaintiff "failed to adequately plead any of his . . . claims); *Morley-Mower v. Prof'l Foreclosure Corp. of Va.*, No. 5:16-mc-1, 2016 WL 3811553, at *3–4 (W.D. Va. June 21, 2016) (denying plaintiff's request for a TRO and preliminary injunction where plaintiff was "not likely to succeed on the merits, as she failed to allege any facts sufficient to survive a motion to dismiss"); *2311 Racing LLC*, 139 F.4th at 410 (finding district court abused

discretion in entering preliminary injunction where it could not conclude plaintiffs "made a clear showing that they were likely to succeed on the merits" of their antitrust claim).

Apart from Plaintiff's inability to demonstrate any likelihood of success on the merits, the Complaint fails to establish any irreparable injury. While Plaintiff claims that the "structural replications of Plaintiff's AI operating system cannot be undone" Mot. at 2, and "loss of competitive advantage" is "immediate and irreparable" Compl. at 4, Plaintiff fails to provide any facts establishing such harm, especially as it relates to stopping any purported (yet unalleged) conduct by Meta.[5] Indeed, to establish irreparable harm, Plaintiff must make a "clear showing" of harm that is "neither remote nor speculative, but actual and imminent," but has failed to do so here. *See Williams Ohio Valley Midstream, LLC v. Kittle*, No. 23-2185, 2024 WL 3325532, at *3, 5 (4th Cir. July 8, 2024) (finding district court abused discretion by granting preliminary injunction where assertions of irreparable harm were "speculative and unsupported by evidence"); *ATCS Int'l. LLC v. Jefferson Contracting Corp.*, 807 F. Supp. 2d 516, 518–19 (E.D. Va. 2011) (finding plaintiff did not meet burden of showing irreparable harm where there was insufficient evidence to show that the underlying work product at-issue in the copyright claim was diminishing in value).

## IV.    CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court dismiss the Complaint against Meta with prejudice, and, if necessary, deny Plaintiff's Motion for Temporary Restraining Order.

---

[5] In general, a "prima facie showing of copyright infringement establishes a presumption that the copyright owner has suffered irreparable harm." *Hennon v. Kirklands, Inc.*, 870 F. Supp. 118, 120 (W.D. Va. 1994). As discussed above, Plaintiff fails to show either a valid copyright or that Meta copied any copyrighted material rendering this presumption inapplicable.

Dated: September 8, 2025

Respectfully submitted,

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

*/s/ Hillary H. Dang*
Hillary H. Dang (VSB No. 92188)
hdang@orrick.com
2100 Pennsylvania Avenue NW
Washington, DC  20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

Jacob M. Heath (*pro hac vice pending*)
jheath@orrick.com
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendant*
*Meta Platforms, Inc.*

4164-0295-9199.4