**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| SUMI KIM, | |
|     Plaintiff, | |
| v. | Civil Action No.: 1:25-cv-1258 (CMH/IDD) |
| OPENAI INC., X CORP., GOOGLE LLC, MICROSOFT CORPORATION, ANTHROPIC PBC, AMAZON.COM INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, STANFORD UNIVERSITY, META PLATFORMS, INC., | |
|     Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS AMAZON.COM, INC., MICROSOFT CORPORATION,**
**GOOGLE LLC, AND ANTHROPIC PBC'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ..................................................................................................1

II.    BACKGROUND ..................................................................................................2

III.   LEGAL STANDARD..........................................................................................3

IV.   ARGUMENT ......................................................................................................4

      A.     Plaintiff Fails To State A Claim For Copyright Infringement.................5

      B.     Plaintiff Fails To State Any Other Claim For Relief ..............................8

      C.     The Complaint's Deficiencies Cannot Be Cured...................................11

V.    CONCLUSION..................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adkins v. Whole Foods Mkt. Grp., Inc.*,
No. 1:16-cv-00031, 2016 WL 1367170 (E.D. Va. Apr. 5, 2016) ............................................4

*Akerman v. Hamel*,
No. 1:24-cv-1284, 2024 WL 4845992 (E.D. Va. Nov. 20, 2024) ...........................................4

*Andersen v. Stability AI Ltd.*,
700 F. Supp. 3d 853 (N.D. Cal. 2023) ...................................................................................8

*Barry v. Novartis Pharms. Corp.*,
No. 3:22-cv-196, 2022 WL 2373452 (E.D. Va. June 30, 2022)...............................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................................3, 5

*Carlucci v. Han*,
907 F. Supp. 2d 709 (E.D. Va. 2012) .....................................................................................9

*Chambers v. Amazon.com, Inc.*,
632 F. App'x 742 (4th Cir. 2015) ........................................................................................11

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
982 F.2d 693 (2d Cir. 1992)....................................................................................................7

*Crouch v. Wu*,
No. 24-cv-114, 2024 WL 5415049 (E.D. Va. July 9, 2024).....................................................5

*Estes Forwarding Worldwide LLC v. Cuellar*,
239 F. Supp. 3d 918 (E.D. Va. 2017) ...................................................................................10

*Ferebee v. City of Chesapeake Police Dep't*,
No. 1:22-cv-541, 2022 WL 2165987 (E.D. Va. May 19, 2022)...........................................11

*Firestone v. Wiley*,
485 F. Supp. 2d 694 (E.D. Va. 2011) ...................................................................................11

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
586 U.S. 296 (2019)................................................................................................................5

*Gench v. HostGator.com LLC*,
No. 14-cv-3592, 2015 WL 3757120 (S.D.N.Y. June 17, 2015), *report and
recommendation adopted*, 2015 WL 4579147 (S.D.N.Y. July 29, 2015) ................................7

ii

*In re Ironnet, Inc.*,
    No. 1:22-cv-449, 2023 WL 5110932 (E.D. Va. Aug. 9, 2023) ..........................................4, 6

*In re Triangle Cap. Corp. Sec. Litig.*,
    988 F.3d 743 (4th Cir. 2021) ...........................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................11

*Khan v. Google, LLC*,
    No. 2:22-cv-02333, 2024 WL 5220884 (C.D. Cal. Dec. 24, 2024)........................6

*Leggo v. M.C. Dean, Inc.*,
    No. 1:22-cv-374, 2023 WL 1822383 (E.D. Va. Feb. 7, 2023) ................................4

*McLean v. United States*,
    566 F.3d 391 (4th Cir. 2009) ...........................................................................12

*Navar, Inc. v. Fed. Bus. Council*,
    784 S.E.2d 296 (Va. 2016)................................................................................10

*Pro-Concepts, LLC v. Resh*,
    No. 2:12-cv-573, 2014 WL 549294 (E.D. Va. Feb. 11, 2014) ...............................4

*Schmidt v. Synchrony Bank*,
    No. 22-cv-344, 2022 WL 18635838 (E.D. Va. June 14, 2022) ..........................3, 5

*SDSE Networks, Inc. v. Mathur*,
    No. 1:22-cv-1024, 2022 WL 18539944 (E.D. Va. Dec. 28, 2022)..........................9

*Softech Worldwide, LLC v. Internet Tech. Broad. Corp.*,
    761 F. Supp. 2d 367 (E.D. Va. 2011) ..............................................................5, 6

*Sony Music Ent. v. Cox Commc'ns, Inc.*,
    No. 1:18-cv-950, 2019 WL 13298888 (E.D. Va. Oct. 18, 2019) ...........................6

*Stand Up Digit., Inc. v. Hart*,
    No. 1:18-cv-919, 2019 WL 6257734 (E.D. Va. Nov. 22, 2019) ...........................10

*Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*,
    521 F. App'x 278 (4th Cir. 2013) .......................................................................4

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002)........................................................................................4, 5

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007)...........................................................................................4

*Tholley v. AAA Pediatrics*,
    No. 1:25-cv-370, 2025 WL 1559154 (E.D. Va. June 2, 2025)................................12

*U.S. Well Servs., LLC v. Liberty Energy, Inc.*,
    No. 24-cv-00839, 2025 WL 1886774 (S.D. Tex. June 17, 2025)...........................9

*Walton v. Greensville Corr. Ctr.*,
    No. 3:14-cv-628, 2015 WL 2452451 (E.D. Va. May 21, 2015)..............................8

*Woltz v. Copart, Inc.*,
    No. 94-cv-1967, 1994 WL 507631 (N.D. Cal. Aug. 25, 1994)..............................7

## STATUTES

15 U.S.C. § 1125(a) ........................................................................................................11

17 U.S.C.
    § 106.........................................................................................................................3
    § 504.........................................................................................................................3
    § 512...................................................................................................................3, 10
    § 1201.....................................................................................................................10

18 U.S.C.
    § 1030.................................................................................................................3, 10
    § 1836...................................................................................................................3, 9
    § 1836(b)(1).............................................................................................................9

35 U.S.C.
    § 271.........................................................................................................................3
    § 284.........................................................................................................................3

## RULES

Fed. R. Civ. P.
    8(d)(1)..................................................................................................................3, 5
    10(b)..........................................................................................................................5

Fed. R. Evid. 201 ............................................................................................................4

## OTHER AUTHORITIES

U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 605.4
    (3d ed. 2021), https://www.copyright.gov/comp3/chap600/ch600-
    examination-practices.pdf........................................................................................5

## I.     INTRODUCTION

Plaintiff Sumi Kim's ("Plaintiff") Complaint against Defendants Amazon.com, Inc., Microsoft Corporation, Google LLC, and Anthropic PBC (collectively, "Defendants") is largely indecipherable, does not allege any plausible claim, and should be dismissed with prejudice. *See* ECF No. 1 ("Compl.").[1]  Although the Complaint appears to allege some unauthorized use of Plaintiff's "ResonanceOS" system, the Complaint fails to offer any allegations regarding what each Defendant did, or why that conduct might be actionable as a matter of law.

Generously construing Plaintiff's Complaint, in light of Plaintiff's pro se status, it appears to assert a claim for copyright infringement.  But Plaintiff's allegations do not plausibly allege any element of such a claim.   Indeed, a search of the Copyright Office's public catalog, as well as Plaintiff's own subsequent filing, *see* ECF 34-1, confirm that Plaintiff has failed to satisfy the threshold requirement of any copyright infringement suit:  securing a registration of the copyright. Moreover, Plaintiff does not sufficiently allege that any Defendant engaged in any prima facie act of copyright infringement.  As a result, any copyright claim fails as a matter of law.

Plaintiff also mentions, in various filings across the docket, a laundry list of other statutes or bodies of law that do not appear in the Complaint or that have been affirmatively disclaimed. The Court should not construe these references as asserting claims under these laws.  But even if it did, each would fail given Plaintiff's failure to allege even the basic elements required to state a claim, let alone sufficient facts to make any claim plausible against any particular Defendant.

---

[1] Plaintiff refers to various filings by "exhibit" or "section" number.  For ease of reference, the applicable numbers appear as parentheticals following each ECF citation in this brief.  Only the following "exhibits" are referenced in Plaintiff's Complaint (ECF No. 1; "Section" B1):  Exs. C-2.1, C-2.2, C-2.3, C-2.4, C-3.4, C-4.11, C-4.12, C-4.15.

A *pro se* complaint must be read liberally, but a court need not—indeed, may not—make a *pro se* litigant's arguments for her, or conjure up claims where they do not exist. The Court should dismiss the Complaint with prejudice.

## II. BACKGROUND

Plaintiff alleges that she is the developer of a "rhythm-based artificial intelligence cognition system," called "ResonanceOS." Compl. at 1. Plaintiff asserts "[k]ey features" of ResonanceOS purportedly include "SHA-256 hashing for immutable log integrity," "CID-bound semantic memory vectors in live sessions," and "Memory resonance protocol enabling synchronized AI interactions." *Id.* at 3. She does not explain what these purported "features" are or how they allegedly work. Plaintiff contends that the "Public release of ResonanceOS structural design and licensing statement" was made on "May 13, 2025" "via X (Twitter)." *Id.* at 2.

Plaintiff's Complaint does not identify what causes of action she intends to pursue. *See id.* at 1–5. She does, however, include a section called "Copyright & Patent Evidence," under which she alleges that there is a "U.S. Copyright Registration No: 1-14963942811" and "USPTO Provisional Patent Application No: 63/811,886" for a work titled "ResonanceOS Copyright Collection (2025)." *Id.* at 3. She states that she "Filed USPTO Provisional Patent No. 63/811,886" on "May 25, 2025," and "Completed U.S. Copyright registration of the full ResonanceOS system, including architecture, interaction design, and emotional AI protocols" on "July 20, 2025." *Id.* at 2–3.

Plaintiff alleges that, "[w]ithin 24–36 hours of public disclosure, unauthorized intrusion attempts—originating from major corporate and academic IP blocks—were detected, logged, and cryptographically sealed." *Id.* at 4. She goes on to state that, from "June 26 – July 18, 2025," "[o]ver 400 timestamped structural intrusions [were] recorded using SHA-256-sealed TRAPLOG protocols and CID-authenticated mappings." *Id.* at 2. The Complaint does not explain what

"structural intrusions" are, who allegedly engaged in such "intrusions," or what is meant by "TRAPLOG protocols" and "CID-authenticated mappings."

At the same time that Plaintiff filed her Complaint, she moved for a temporary restraining order ("TRO"). *See* ECF Nos. 1, 3, 4. The "memorandum of law" in support of the TRO motion included all of the information from the Complaint verbatim, ECF No. 4 at 1–4, plus two additional pages of high-level requests for injunctive relief, *id.* at 5–6. Plaintiff attached 30 exhibits to the memorandum of law, which Plaintiff describes as "evidence." *See* ECF No. 4-1 at 1. Only a handful of those exhibits are referenced in the Complaint. *See* Compl. at 2–3 (citing Exhibits C-2.1, C.2.2, C.2.3, C.2.4, C-3.4, C-4.11, C-4.12, C-4.15). In the final exhibit, which is not referenced in the Complaint, Plaintiff says her "total calculated damages amount" is "$87,550,000 USD" and asserts that this amount "align[s] with the following statutes": "17 U.S.C. §106, §504- Copyright infringement"; "35 U.S.C. §271, §284 - Patent law"; "18 U.S.C. §1030 - CFAA (Unauthorized access)"; "18 U.S.C. §1836 - DTSA (Trade secrets)"; "17 U.S.C. §512 - DMCA circumvention"; "Lanham Act §43(a) - False attribution"; and "Common Law - Unjust enrichment." ECF No. 4-30 at 2 (D-1).

On September 2, 2025, Defendants filed an opposition to Plaintiffs' TRO motion explaining why Plaintiff is not entitled to that extraordinary relief. ECF Nos. 25, 28.

## III.   LEGAL STANDARD

"To survive a motion to dismiss under Federal Rule 12(b)(6), a Plaintiff must 'provide the grounds of his entitlement to relief,' including 'enough facts to state a claim to relief that is plausible on its face.'" *Schmidt v. Synchrony Bank*, No. 22-cv-344, 2022 WL 18635838, at *1 (E.D. Va. June 14, 2022) (Hilton, J.) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, each allegation within the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), thereby "giv[ing] the defendant fair notice of what the plaintiff's claim is and

the grounds upon which it rests," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted).  When determining whether the complaint plausibly states a claim, the court may also "consider documents attached to the complaint, as well as 'documents incorporated into the complaint by reference, and matters of which the court may take judicial notice.'"  *Barry v. Novartis Pharms. Corp.*, No. 3:22-cv-196, 2022 WL 2373452, at *5 (E.D. Va. June 30, 2022) (citation omitted) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)); *see also* Fed. R. Evid. 201; *In re Ironnet, Inc.*, No. 1:22-cv-449, 2023 WL 5110932, at *4 n.7 (E.D. Va. Aug. 9, 2023) (noting "U.S. government documents, and 'documents found on government websites' are 'the proper subject of judicial notice'" (citation omitted)).

"Although allegations in a pro se complaint are construed liberally, a pro se complaint must still allege a plausible claim for relief."  *Leggo v. M.C. Dean, Inc.*, No. 1:22-cv-374, 2023 WL 1822383, at *1 (E.D. Va. Feb. 7, 2023).  When considering a Rule 12(b)(6) motion to dismiss a pro se party's complaint, "the Court may not act as an advocate," nor must it "construct a pro se party's arguments for them."  *Pro-Concepts, LLC v. Resh*, No. 2:12-cv-573, 2014 WL 549294, at *13 (E.D. Va. Feb. 11, 2014).  District courts "are not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them."  *Akerman v. Hamel*, No. 1:24-cv-1284, 2024 WL 4845992, at *2 (E.D. Va. Nov. 20, 2024).  In other words, "the principle of liberal construction does not require district judges to conjure up questions never presented to them."  *Adkins v. Whole Foods Mkt. Grp., Inc.*, No. 1:16-cv-00031, 2016 WL 1367170, at *2 (E.D. Va. Apr. 5, 2016) (Hilton, J.) (alterations omitted) (quoting *Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 290–91 (4th Cir. 2013)).

## IV.  ARGUMENT

Plaintiff's Complaint fails because it neither "provide[s] the grounds of h[er] entitlement to relief" nor "include[s] 'enough facts to state a claim to relief that is plausible on its face.'"

*Schmidt*, 2022 WL 18635838, at *1. The Complaint is silent as to what, if any, causes of action Plaintiff intends to pursue, and fails to give Defendants adequate notice of what Plaintiff's claims are and the grounds for those claims. *See Twombly*, 550 U.S. at 555, n.3 ("[R]ule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."); *see also Swierkiewicz*, 534 U.S. at 512; Fed. R. Civ. P. 8(d)(1) & 10(b). Because it is clear that the foregoing failures cannot be cured, the Court should dismiss the Complaint with prejudice.

### A.      Plaintiff Fails To State A Claim For Copyright Infringement

To prevail on a claim for copyright infringement, a plaintiff must prove (1) ownership of a valid, registered copyright, and (2) "that the defendant copied original elements of" the registered copyrighted work at issue. *Softech Worldwide, LLC v. Internet Tech. Broad. Corp.*, 761 F. Supp. 2d 367, 371 (E.D. Va. 2011); *see also Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 306 (2019) (copyright "registration must precede an infringement suit"); *Crouch v. Wu*, No. 24-cv-114, 2024 WL 5415049, at *4 (E.D. Va. July 9, 2024) ("[A] prerequisite to bringing a claim under the Copyright Act, whether that be for damages or for injunctive relief, is registration of that copyright."). Plaintiff fails on both fronts.

First, Plaintiff's allegations do not establish that she has a registered copyright in ResonanceOS (or in anything else). In fact, Plaintiff's allegations—along with the U.S. Copyright Office's Public Catalogue of Copyright Records—shows the opposite. What Plaintiff says is a "U.S. Copyright Registration No."—1-14963942811—is not a copyright *registration* number, but rather a case number assigned to a copyright registration *application*. *See* U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 605.4 (3d ed. 2021), https://www.copyright.gov/comp3/chap600/ch600-examination-practices.pdf ("The U.S. Copyright Office assigns a specific number to each application that it receives, such as '1-

929700001.'").[2]  Name and keyword searches of the U.S. Copyright Office's Public Catalogue of Copyright Records for (1) Plaintiff's name ("Sumi Kim" or "Su-Mi Kim"), and (2) the name of the company Plaintiff alleges submitted a copyright registration application ("HealingwaveA.R.I LLC" or "Healingwave"), *see* ECF No. 4-14 at 1 (C-3.4(A)), generate no results for the work allegedly at issue.  *See* ECF Nos. 25-1–25-8 (Exs. A–F).  And title and keyword searches for "ResonanceOS" similarly generate no results.  *See* ECF Nos. 25-9 & 25-10 (Exs. I & J). Defendants respectfully request that the Court take judicial notice of those results, which confirm that Plaintiff does not have a registered copyright.  *See Sony Music Ent. v. Cox Commc'ns, Inc.*, No. 1:18-cv-950, 2019 WL 13298888, at *1 (E.D. Va. Oct. 18, 2019) ("In addition to certificates of registration, United States Courts of Appeals recognize that District Courts are free to take notice of facts in the online Copyright Catalog."); *see, e.g., Khan v. Google, LLC*, No. 2:22-cv-02333, 2024 WL 5220884, at *4–5 (C.D. Cal. Dec. 24, 2024).  That alone is reason to dismiss Plaintiff's claim.

Second, even setting registration aside, the Complaint does not allege facts showing "copying of the original elements of the [copyrighted work at issue] by the defendant."  *Softech*, 761 F. Supp. 2d at 371–72.  Neither the Complaint nor any other filings say anything more than that certain, unnamed Defendants initiated "structural intrusion attempts" including "waveform-based CID extraction attempts," "reverse hash-resonance mapping," "structural PIO queries," ECF

---

[2] In support of her motion for a TRO, Plaintiff submitted a screenshot of the U.S. Copyright Office's Electronic Copyright Office Registration System that confirms she does *not* have a copyright registration but instead *applied* for one in July and that the number she provided is an application case number.  *See* ECF No. 34-1 at 2 (stating the status of the *application* is "Open" and only the "Upload Status" is "Complete").  This Court should take judicial notice of that screenshot, which confirms what Plaintiff's Complaint makes clear—she does not have a registered copyright.  *See Ironnet*, 2023 WL 5110932, at *4 n.7 (government website judicially noticeable).

No. 4-30 at 1 (D-1), "semantic rhythm replicators, and alignment feedback," ECF No. 4-2 at 1 (C-1).

It is not clear what those words mean. But what is clear is that they do not plausibly assert that whatever Defendants allegedly did constitutes even a prima facie act of copyright infringement. Copyright owners wield the six enumerated exclusive rights codified in 17 U.S.C. § 106, including the exclusive right to reproduce a work in copies, but do not enjoy wholesale control over all aspects of the work. Even if Plaintiff's filings can be construed to allege that some unidentified actors have engaged in unauthorized access or use of ResonanceOS, *see, e.g.*, ECF No. 4-13 at 1 (labeling "[m]ore than 400 structural intrusion attempts" as "Evidence of Unauthorized Access," though not tying this alleged unauthorized access to any particular defendant); Compl. at 1 (alleging, generally, that this matter involves "misuse" of ResonanceOS), such allegations, without more, are not allegations of reproduction, or of conduct otherwise reserved exclusively to the copyright owner under § 106, and therefore do not state a claim for copyright infringement. *See, e.g.*, *Woltz v. Copart, Inc.*, No. 94-cv-1967, 1994 WL 507631, at *2 (N.D. Cal. Aug. 25, 1994) (allegations of "using copies of the copyright work without permission," "by themselves, do not constitute copyright infringement"); *see also Gench v. HostGator.com LLC*, No. 14-cv-3592, 2015 WL 3757120, at *11 (S.D.N.Y. June 17, 2015), *report and recommendation adopted*, 2015 WL 4579147 (S.D.N.Y. July 29, 2015) (dismissing copyright infringement claim where plaintiff made "no comprehensible allegations that any of the defendants . . . copied the site's content, produced an infringing work, or took any voluntary action to cause an infringing work to be produced").

The problems with Plaintiff's filings do not end there. Many elements of computer software are not protected by copyright law at all. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*,

982 F.2d 693, 707–08 (2d Cir. 1992). There are no facts alleged here that would tend to suggest that, if Defendants' alleged use of ResonanceOS was conduct that might constitute copying in the first instance, such copying encompassed protected elements of ResonanceOS as opposed to unprotected elements of the work. And then there is the overarching issue that it is altogether unclear from Plaintiff's filings which defendant is alleged to have done what. That is its own independent obstacle to stating a claim. *See Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 860 (N.D. Cal. 2023) (dismissing complaint based on failure to clearly allege "how each defendant separately violated [plaintiffs'] copyrights"); *see also Walton v. Greensville Corr. Ctr.*, No. 3:14-cv-628, 2015 WL 2452451, at *9 (E.D. Va. May 21, 2015) (describing an impermissible "shotgun pleading" as "one in which the complaint 'fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading or if it is virtually impossible to know which allegations of fact are intended to support which claims[] for relief'" (citation and alteration omitted)).

In short, Plaintiff has failed to plausibly allege any element of a copyright infringement claim. The Court should grant Defendants' motion and dismiss the Complaint.

## B.     Plaintiff Fails To State Any Other Claim For Relief

As noted above, the Complaint does not make clear what causes of action are being asserted. In subsequent filings, however, Plaintiff has made scattered references to several other bodies of law, including patent, trade secret, and contract law. *See, e.g.*, ECF No. 4 at 2–3, 6; ECF No. 4-15 (C-3.4(B)); ECF No. 4-30 at 2 (D-1); ECF No. 13 at 1–2. The Court should not construe these references as in fact asserting claims under the referenced laws. But even were the Court to do so, all such claims fail as a matter of law.

*1. Plaintiff Fails to State a Patent Claim.* Although the Complaint and other filings initially referenced several provisional patents, *e.g.*, Compl. at 2–3; ECF No. 1-2 at 1 (C-4.3); ECF

No. 4 at 2–3, 6; ECF No. 4-15 (C-3.4(B)), Plaintiff has since stated that she did not reference "provisional patent applications" "for a stand-alone patent infringement cause of action." ECF No. 13 at 1. For that reason alone, Plaintiff's Complaint cannot be read to assert a patent claim here. Even if Plaintiff had not disclaimed a claim of patent infringement, however, she could not prevail on the merits because she admits that she has not asserted a registered patent (or alleged any other elements of a patent infringement claim). Compl. at 2–3 (referencing "Provisional Patent Application" filed May 25, 2025). A provisional patent application, like those identified by Plaintiff, "is not a patent and includes no enforceable claims." *U.S. Well Servs., LLC v. Liberty Energy, Inc.*, No. 24-cv-00839, 2025 WL 1886774, at *4 (S.D. Tex. June 17, 2025); *see also Carlucci v. Han*, 907 F. Supp. 2d 709, 729 (E.D. Va. 2012) ("[A] provisional patent application constitutes a filing from which a patent does not actually issue.").

   *2. Plaintiff Fails to State a Trade Secret Claim.* Plaintiff's filings—though, again, not her Complaint—similarly make passing references to "trade secrets," and she has asserted that her "claims in this action are grounded in copyright, trade secret, and contractual protections." *See, e.g.*, ECF No. 13 at 1; *see also* ECF No. 4-30 at 2 (D-1). The only reference she makes in any filing to any law related to trade secrets is in Exhibit D-1 to her TRO motion, where she references the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836. *See* ECF 4-30 at 2. Plaintiff has not stated a claim for relief under that law, given her failure to allege any of the elements of that claim, let alone facts that would support her entitlement to relief. *See SDSE Networks, Inc. v. Mathur*, No. 1:22-cv-1024, 2022 WL 18539944, at *4 (E.D. Va. Dec. 28, 2022); *see also* 18 U.S.C. § 1836(b)(1).

   *3. Plaintiff Fails to State a Breach of Contract Claim.* The Complaint says nothing about contractual provisions or any alleged breaches thereof. *See* Compl. at 1–5. As noted above,

Plaintiff nevertheless stated in a later filing that her claims are "grounded in," *inter alia*, "contractual protections." ECF No. 13 at 1. There are no contract claims stated in the Complaint. Indeed, the Complaint fails to allege, even in generalities, *any* of the required elements of a claim. *See, e.g.*, *Navar, Inc. v. Fed. Bus. Council*, 784 S.E.2d 296, 299 (Va. 2016); *Stand Up Digit., Inc. v. Hart*, No. 1:18-cv-919, 2019 WL 6257734, at * 5 (E.D. Va. Nov. 22, 2019) (Hilton, J.).

*4. Plaintiff Fails to State a CFAA Claim.* The Complaint also says nothing about the Computer Fraud and Abuse Act ("CFAA"). Plaintiff nevertheless mentions this law in an exhibit to the TRO motion, where she states that her damages calculation "align[s] with," among other things, "18 U.S.C. §1030 - CFAA." ECF No. 4-30 at 2 (D-1). That passing reference, outside of the Complaint, cannot create a cause of action that has not been alleged—and, indeed, that Plaintiff does not contend to be pursuing. *See* ECF No. 13 at 1. Regardless, Plaintiff has not stated a claim under the CFAA either because her allegations establish none of the proscribed conduct required of a CFAA action. *Cf.* 18 U.S.C. §1030; *Estes Forwarding Worldwide LLC v. Cuellar*, 239 F. Supp. 3d 918, 922–23 (E.D. Va. 2017).

*5. Plaintiff Fails to State a DMCA Claim.* Like the reference to the CFAA, the only reference to the Digital Millennium Copyright Act ("DMCA") is in Plaintiff's "legal and monetary damages summary" that is not part of the Complaint. *See* ECF No. 4-30 at 2 (D-1). For the same reasons, the Court need not address the DMCA. Regardless, any such claim would fail on the merits too. Plaintiff references "DMCA circumvention," and cites the DMCA safe harbor (17 U.S.C. § 512). ECF No. 4-30 at 2 (D-1). Even if this is construed as a reference to the DMCA's anti-circumvention provision (17 U.S.C. § 1201), Plaintiff has not stated a DMCA claim. The Complaint does not explain the single, conclusory reference to "reverse-engineering attempts." *See* Compl. at 1. Regardless of what that means, Plaintiff has not alleged that she "put into place

a technological measure that would have protected a copyright, or that any Defendant circumvented such a measure." *Chambers v. Amazon.com, Inc.*, 632 F. App'x 742, 744 (4th Cir. 2015); *see id.* (affirming dismissal of DMCA claim). To the contrary, Plaintiff alleges that she made publicly available the very "system" she says Defendants should not have had any access to. *See* Compl. at 2 (alleging that Plaintiff "[p]ublicly release[d]" ResonanceOS "via X (Twitter), including system diagrams and integration notices," and "[p]ublish[ed]" a "paper" that "disclos[ed] full system architecture and implementation"). The Complaint thus does not state a claim under the DMCA.

     *6. **Plaintiff Fails to State a Lanham Act Claim.*** The same exhibit lists "Lanham Act § 43(a) - False attribution." ECF No. 4-30 at 2 (D-1); *see* 15 U.S.C. § 1125(a). In addition to the same flaws noted already, this single reference to the Lanham Act cannot give rise to a plausible claim. Indeed, the words "trademark" or "Lanham Act" appear nowhere else in any of Plaintiff's filings. This does not even rise to the level of a "[t]hreadbare recital[] of the elements of a cause of action," which the Supreme Court has said "do[es] not suffice" to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

     *7. **Plaintiff Fails to State an Unjust Enrichment Claim.*** Plaintiff's reference to "unjust enrichment" in this same list is likewise insufficient. ECF No. 4-30 at 2 (D-1). This phrase, too, appears only this one time in any of Plaintiffs' filings. Plaintiff does not allege any of the basic elements required for an unjust enrichment claim, much less allege how or why she would be entitled to any relief as to any particular Defendant. *See, e.g.*, *Firestone v. Wiley*, 485 F. Supp. 2d 694, 704 (E.D. Va. 2011).

    **C.**    **The Complaint's Deficiencies Cannot Be Cured**

     When "amendment would not cure the Complaint's deficiencies, the dismissal [should] be with prejudice." *Ferebee v. City of Chesapeake Police Dep't*, No. 1:22-cv-541, 2022 WL

2165987, at *1 (E.D. Va. May 19, 2022) (Hilton, J.); *see also McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009) ("[W]hen a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend."). Here, there is no way for Plaintiff to salvage the Complaint's deficient allegations. Plaintiff cannot plead a plausible copyright infringement claim because there are no valid copyright registrations; she cannot plead a plausible patent claim because there are no valid patents; she cannot plead a plausible trade secret claim because there are no trade secrets; and she cannot plead a plausible contract claim because there are no contracts. These deficiencies cannot be remedied by any amendment. Leave to amend would therefore be futile. *See, e.g.*, *Tholley v. AAA Pediatrics*, No. 1:25-cv-370, 2025 WL 1559154, at *4 (E.D. Va. June 2, 2025) (Hilton, J.) ("'[D]istrict courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny.' Here, leave to amend would be futile; there are no actionable claims." (quoting *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021))). The Court should dismiss the Complaint with prejudice.

## V.     CONCLUSION

For the foregoing reasons, Defendants' motion should be granted and the Complaint dismissed with prejudice.

Dated: September 8, 2025

Respectfully submitted,

/s/ *Libby Weingarten*
Libby Weingarten (VA Bar No. 85945)
Edward Percarpio (*pro hac motion pending*)
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, NW, Fifth Floor
Washington, DC 20006
Telephone: 202 973 8898
Email: *lweingarten@wsgr.com*
Email: *epercarpio@wsgr.com*

*Counsel for Defendant Google LLC*

/s/ *Lora A. Brzezynski*
Lora A. Brzezynski (VA Bar No. 36151)
Brian A. Coleman (VA Bar No. 41352)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW
Washington, DC 20005
Telephone: (202) 842-8800
Facsimile: (202) 842-8465
Email: *lora.brzezynski@faegredrinker.com*
Email: *brian.coleman@faegredrinker.com*

*Counsel for Defendant Microsoft Corporation*

/s/ *Attison L. Barnes, III*
Attison L. Barnes, III (Va. Bar No. 30458)
David E. Weslow (for *pro hac vice*)
WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
Fax: (202) 719-7049
Email: *abarnes@wiley.law*
Email: *dweslow@wiley.law*

*Counsel for Defendant Anthropic PBC*

/s/ *Cailyn Reilly Knapp*
Cailyn Reilly Knapp (VA Bar No. 86007)
BAKER BOTTS L.L.P.
700 K Street, NW
Washington, DC 20001
Tel.: (202) 639-7753
Fax: (202) 585-4070
Email: *cailyn.reilly.knapp@bakerbotts.com*

LATHAM & WATKINS LLP
Andrew M. Gass (*pro hac motion pending*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: *andrew.gass*@lw.com

Sarang V. Damle (*pro hac motion pending*)
Elana Nightingale Dawson (*pro hac motion pending*)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: *sy.damle*@lw.com
Email: *elana.nightingaledawson*@lw.com

*Counsel for Defendant Amazon.com, Inc.*