# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

SUMI KIM,

     Plaintiff,

v.

OPENAI INC., X CORP., GOOGLE LLC,
MICROSOFT CORPORATION, ANTHROPIC
PBC, AMAZON.COM INC.,
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY, STANFORD UNIVERSITY,
META PLATFORMS, INC.,

     Defendants.

Civil Action No.: 1:25-cv-1258 (PTG/IDD)

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT OPENAI, INC.'S MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................1

II. BACKGROUND .................................................................................................1

III. LEGAL STANDARD..........................................................................................3

IV. ARGUMENT.......................................................................................................5

    A. Plaintiff Has Not Established Personal Jurisdiction Over OpenAI In Virginia .....................................................................................................5

    B. Plaintiff Has Not Plausibly Alleged Any Claim Against OpenAI..........6

        1. Plaintiff Fails To State A Claim For Copyright Infringement...................6

        2. Plaintiff Fails To State Any Other Claim For Relief ...............................9

        3. The Complaint's Deficiencies Cannot Be Cured.....................................13

V. CONCLUSION..................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adkins v. Whole Foods Mkt. Grp., Inc.*,
No. 1:16-cv-00031, 2016 WL 1367170 (E.D. Va. Apr. 5, 2016) ...............................................4

*Akerman v. Hamel*,
No. 1:24-cv-1284, 2024 WL 4845992 (E.D. Va. Nov. 20, 2024) ............................................4

*Andersen v. Stability AI Ltd.*,
700 F. Supp. 3d 853 (N.D. Cal. 2023) ...................................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...............................................................................................................12

*Barry v. Novartis Pharms. Corp.*,
No. 3:22-cv-196, 2022 WL 2373452 (E.D. Va. June 30, 2022)..............................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................................4, 6

*Carlucci v. Han*,
907 F. Supp. 2d 709 (E.D. Va. 2012) ...................................................................................10

*Chambers v. Amazon.com, Inc.*,
632 F. App'x 742 (4th Cir. 2015) ........................................................................................11

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
982 F.2d 693 (2d Cir. 1992)...................................................................................................8

*Consulting Eng'rs Corp. v. Geometric Ltd.*,
561 F.3d 273 (4th Cir. 2009) .................................................................................................3

*Crouch v. Wu*,
No. 24-cv-114, 2024 WL 5415049 (E.D. Va. July 9, 2024)...................................................6

*Estes Forwarding Worldwide LLC v. Cuellar*,
239 F. Supp. 3d 918 (E.D. Va. 2017) ...................................................................................11

*Ferebee v. City of Chesapeake Police Dep't*,
No. 1:22-cv-541, 2022 WL 2165987 (E.D. Va. May 19, 2022)............................................12

*Firestone v. Wiley*,
485 F. Supp. 2d 694 (E.D. Va. 2011) ...................................................................................12

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
  592 U.S. 351 (2021)................................................................................................5

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
  586 U.S. 296 (2019)................................................................................................6

*Gench v. HostGator.com LLC*,
  No. 14-cv-3592, 2015 WL 3757120 (S.D.N.Y. June 17, 2015), *report and
  recommendation adopted*, 2015 WL 4579147 (S.D.N.Y. July 29, 2015) ..................................8

*In re Ironnet, Inc.*,
  No. 1:22-cv-449, 2023 WL 5110932 (E.D. Va. Aug. 9, 2023) .......................................4, 5, 7

*In re Triangle Cap. Corp. Sec. Litig.*,
  988 F.3d 743 (4th Cir. 2021) .................................................................................13

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)................................................................................................3

*Jordan v. Josey-Herring*,
  No. 1:23-cv-130, 2023 WL 8534631 (E.D. Va. Sept. 29, 2023) .........................................3, 5

*Khan v. Google, LLC*,
  No. 2:22-cv-02333, 2024 WL 5220884 (C.D. Cal. Dec. 24, 2024).........................................7

*Leggo v. M.C. Dean, Inc.*,
  No. 1:22-cv-374, 2023 WL 1822383 (E.D. Va. Feb. 7, 2023) ...................................................4

*McLean v. United States*,
  566 F.3d 391 (4th Cir. 2009) .................................................................................12

*Navar, Inc. v. Fed. Bus. Council*,
  784 S.E.2d 296 (Va. 2016)......................................................................................11

*Pro-Concepts, LLC v. Resh*,
  No. 2:12-cv-573, 2014 WL 549294 (E.D. Va. Feb. 11, 2014) .................................................4

*Schmidt v. Synchrony Bank*,
  No. 22-cv-344, 2022 WL 18635838 (E.D. Va. June 14, 2022)............................................3, 5

*SDSE Networks, Inc. v. Mathur*,
  No. 1:22-cv-1024, 2022 WL 18539944 (E.D. Va. Dec. 28, 2022).........................................10

*Softech Worldwide, LLC v. Internet Tech. Broad. Corp.*,
  761 F. Supp. 2d 367 (E.D. Va. 2011) ....................................................................6, 7

*Sony Music Ent. v. Cox Commc'ns, Inc.*,
  No. 1:18-cv-950, 2019 WL 13298888 (E.D. Va. Oct. 18, 2019) ...........................................7

*Stand Up Digit., Inc. v. Hart*,
    No. 1:18-cv-919, 2019 WL 6257734 (E.D. Va. Nov. 22, 2019) ..............................................11

*Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*,
    521 F. App'x 278 (4th Cir. 2013) ...............................................................................................5

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002) .................................................................................................................3, 6

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007) ......................................................................................................................4

*Tholley v. AAA Pediatrics*,
    No. 1:25-cv-370, 2025 WL 1559154 (E.D. Va. June 2, 2025) ..................................................13

*U.S. Well Servs., LLC v. Liberty Energy, Inc.*,
    No. 24-cv-00839, 2025 WL 1886774 (S.D. Tex. June 17, 2025) ..............................................10

*Walden v. Fiore*,
    571 U.S. 277 (2014) ......................................................................................................................5

*Walton v. Greensville Corr. Ctr.*,
    No. 3:14-cv-628, 2015 WL 2452451 (E.D. Va. May 21, 2015) ..................................................9

*Woltz v. Copart, Inc.*,
    No. 94-cv-1967, 1994 WL 507631 (N.D. Cal. Aug. 25, 1994) ...................................................8

## STATUTES

15 U.S.C. § 1125(a) ................................................................................................................12

17 U.S.C.
    § 106.......................................................................................................................................2, 8
    § 504-........................................................................................................................................2
    § 512.....................................................................................................................................2, 11
    § 1201.....................................................................................................................................11

18 U.S.C.
    § 1030...................................................................................................................................2, 11
    § 1836...................................................................................................................................2, 10
    § 1836(b)(1) .............................................................................................................................10

35 U.S.C.
    § 271.........................................................................................................................................2
    § 284.........................................................................................................................................2

**RULES**

Fed. R. Civ. P.
    4(k)........................................................................................................................3
    8(d)(1) ..............................................................................................................3, 6
    10(b)......................................................................................................................6
    10(c)......................................................................................................................5
    12(b)(2) ................................................................................................................3
    12(b)(6) ........................................................................................................3, 4, 13

Fed. R. Evid. 201 ........................................................................................................4

**OTHER AUTHORITIES**

OpenAI, Inc. (3858313), *Business Search*, Cal. Sec'y of State,
    https://bizfileonline.sos.ca.gov/search/business (last visited Sept. 23, 2025)...........................5

OpenAI, Inc. (5902936), *Entity Search*, Del. Dep't of State: Div. of Corps.,
    https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx (last
    visited Sept. 23, 2025) ........................................................................................5

U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 605.4
    (3d ed. 2021), https://www.copyright.gov/comp3/chap600/ch600-
    examination-practices.pdf........................................................................................6

## I.    INTRODUCTION

Defendant OpenAI, Inc. ("OpenAI") respectfully requests that, for the reasons included herein as well as those already addressed by Defendants Amazon.com, Inc., Microsoft Corporation, Google LLC, and Anthropic PBC at ECFs 42–43, which OpenAI has included below, the Court dismiss Plaintiff Sumi Kim's ("Plaintiff") Complaint.  ECF 1 ("Compl.").

As a threshold matter, Plaintiff has failed to establish personal jurisdiction over OpenAI in this District.  That alone is fatal to her claims.  Plaintiff has also failed to state a claim against OpenAI.  The Complaint should be dismissed.

## II.    BACKGROUND

Plaintiff alleges that she is the developer of a "rhythm-based artificial intelligence cognition system," called "ResonanceOS."  Compl. at 1.[1]  Plaintiff asserts "[k]ey features" of ResonanceOS purportedly include "SHA-256 hashing for immutable log integrity," "CID-bound semantic memory vectors in live sessions," and "Memory resonance protocol enabling synchronized AI interactions."  *Id.* at 3.  She does not explain what these purported "features" are or how they allegedly work.  Plaintiff contends that the "Public release of ResonanceOS structural design and licensing statement" was made on "May 13, 2025" "via X (Twitter)."  *Id.* at 2.

Plaintiff's Complaint does not identify what causes of action she intends to pursue.  *See id.* at 1–5.  She does, however, include a section called "Copyright & Patent Evidence," under which she alleges that there is a "U.S. Copyright Registration No: 1-14963942811" and "USPTO Provisional Patent Application No: 63/811,886" for a work titled "ResonanceOS Copyright

---

[1] Plaintiff refers to various filings by "exhibit" or "section" number.  For ease of reference, the applicable numbers appear as parentheticals following each ECF citation in this brief.  Only the following "exhibits" are referenced in Plaintiff's Complaint (ECF 1; "Section" B1):  Exs. C-2.1, C-2.2, C-2.3, C-2.4, C-3.4, C-4.11, Dc-4.12, C-4.15.

1

Collection (2025)." *Id.* at 3.  She states that she "Filed USPTO Provisional Patent No. 63/811,886" on "May 25, 2025," and "Completed U.S. Copyright registration of the full ResonanceOS system, including architecture, interaction design, and emotional AI protocols" on "July 20, 2025." *Id.* at 2–3.

Plaintiff alleges that, "[w]ithin 24–36 hours of public disclosure, unauthorized intrusion attempts—originating from major corporate and academic IP blocks—were detected, logged, and cryptographically sealed." *Id.* at 4.  She goes on to state that, from "June 26 – July 18, 2025," "[o]ver 400 timestamped structural intrusions [were] recorded using SHA-256-sealed TRAPLOG protocols and CID-authenticated mappings." *Id.* at 2.  The Complaint does not explain what "structural intrusions" are, who allegedly engaged in such "intrusions," or what is meant by "TRAPLOG protocols" and "CID-authenticated mappings."

At the same time that Plaintiff filed her Complaint, she moved for a temporary restraining order ("TRO").  *See* ECFs 1, 3, 4.  The "memorandum of law" in support of the TRO motion included all of the information from the Complaint verbatim, ECF 4 at 1–4, plus two additional pages of high-level requests for injunctive relief, *id.* at 5–6.  Plaintiff attached 30 exhibits to the memorandum of law, which Plaintiff describes as "evidence."  *See* ECF 4-1 at 1.  Only a handful of those exhibits are referenced in the Complaint.  *See* Compl. at 2–3 (citing Exhibits C-2.1, C.2.2, C.2.3, C.2.4, C-3.4, C-4.11, C-4.12, C-4.15).  In the final exhibit, which is not referenced in the Complaint, Plaintiff says her "total calculated damages amount" is "$87,550,000 USD" and asserts that this amount "align[s] with the following statutes": "17 U.S.C. §106, §504- Copyright infringement"; "35 U.S.C. §271, §284 - Patent law"; "18 U.S.C. §1030 - CFAA (Unauthorized access)"; "18 U.S.C. §1836 - DTSA (Trade secrets)"; "17 U.S.C. §512 - DMCA circumvention";

2

"Lanham Act §43(a) - False attribution"; and "Common Law - Unjust enrichment." ECF 4-30 at 2 (D-1).

All defendants have filed oppositions to Plaintiffs' TRO motion explaining why Plaintiff is not entitled to that extraordinary relief. ECFs 25, 28, 41, 78, 80. Defendants Google LLC, Microsoft Corporation, Anthropic PBC, Amazon.com, Inc., Massachusetts Institute of Technology, Stanford University, and Meta Platforms, Inc. have all filed motions to dismiss. ECFs 39–40, 42–43, 52–53. Plaintiff filed an opposition. ECF 73. And those defendants have filed replies in support of their motions to dismiss. ECFs 86–88.

## III.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of proving that the Court has personal jurisdiction over a nonresident defendant. *Jordan v. Josey-Herring*, No. 1:23-cv-130, 2023 WL 8534631, at *1 (E.D. Va. Sept. 29, 2023) (Giles, J.). The Court has "personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located," i.e., Virginia. Fed. R. Civ. P. 4(k). "Virginia's long-arm statute is intended to extend personal jurisdiction to the extent permissible under the due process clause," so "the [state-law] statutory inquiry merges with the [federal] constitutional inquiry." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). "To satisfy the constitutional due process requirement, a defendant must have sufficient 'minimum contacts' with the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"To survive a motion to dismiss under Federal Rule 12(b)(6), a Plaintiff must 'provide the grounds of his entitlement to relief,' including 'enough facts to state a claim to relief that is plausible on its face.'" *Schmidt v. Synchrony Bank*, No. 22-cv-344, 2022 WL 18635838, at *1

3

(E.D. Va. June 14, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, each allegation within the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), thereby "giv[ing] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted). When determining whether the complaint plausibly states a claim, the court may also "consider documents attached to the complaint, as well as 'documents incorporated into the complaint by reference, and matters of which the court may take judicial notice.'" *Barry v. Novartis Pharms. Corp.*, No. 3:22-cv-196, 2022 WL 2373452, at *5 (E.D. Va. June 30, 2022) (citation omitted) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)); *see also* Fed. R. Evid. 201; *In re Ironnet, Inc.*, No. 1:22-cv-449, 2023 WL 5110932, at *4 n.7 (E.D. Va. Aug. 9, 2023) (noting "U.S. government documents, and 'documents found on government websites' are 'the proper subject of judicial notice'" (citation omitted)).

"Although allegations in a pro se complaint are construed liberally, a pro se complaint must still allege a plausible claim for relief." *Leggo v. M.C. Dean, Inc.*, No. 1:22-cv-374, 2023 WL 1822383, at *1 (E.D. Va. Feb. 7, 2023). When considering a Rule 12(b)(6) motion to dismiss a pro se party's complaint, "the Court may not act as an advocate," nor must it "construct a pro se party's arguments for them." *Pro-Concepts, LLC v. Resh*, No. 2:12-cv-573, 2014 WL 549294, at *13 (E.D. Va. Feb. 11, 2014). District courts "are not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Akerman v. Hamel*, No. 1:24-cv-1284, 2024 WL 4845992, at *2 (E.D. Va. Nov. 20, 2024). In other words, "the principle of liberal construction does not require district judges to conjure up questions never presented to them." *Adkins v. Whole Foods Mkt. Grp., Inc.*, No. 1:16-cv-00031, 2016 WL 1367170, at *2 (E.D. Va.

4

Apr. 5, 2016) (alterations omitted) (quoting *Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 290–91 (4th Cir. 2013)).

## IV.    ARGUMENT

Plaintiff's Complaint should be dismissed for two independent reasons. First, she has failed to establish that this Court has personal jurisdiction over OpenAI in Virginia. Second, she has failed to plead any claim on the merits against OpenAI, and the deficiencies in her Complaint are not curable.

### A.    Plaintiff Has Not Established Personal Jurisdiction Over OpenAI In Virginia

Plaintiff has failed to satisfy her burden to establish personal jurisdiction over OpenAI. Plaintiff's allegations do not establish that the court has general jurisdiction because she does not allege that OpenAI is "at home" in Virginia, as is required. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (citation omitted). Nor can she. Corporations are considered "at home" in their "place of incorporation" and at their "principal place of business." *Id.* at 359. OpenAI is incorporated in Delaware,[2] with its principal place of business in California.[3] Plaintiff also fails to allege that OpenAI engaged in any conduct at issue in this case in Virgina, and so she has not established that the court has specific jurisdiction over OpenAI either. *Walden v. Fiore*, 571 U.S. 277, 283 (2014); *see, e.g.*, *Jordan*, 2023 WL 8534631, at *2 (dismissing for lack of personal jurisdiction when "Plaintiffs fail[ed] to allege any relevant contacts with or conduct occurring in Virginia whatsoever"). The Complaint should be dismissed.

---

[2] *See* OpenAI, Inc. (5902936), *Entity Search*, Del. Dep't of State: Div. of Corps., https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx (last visited Sept. 23, 2025); *see also In re Ironnet, Inc.*, No. 1:22-cv-449, 2023 WL 5110932, at *4 n.7 (E.D. Va. Aug. 9, 2023) (observing that government websites are judicially noticeable).

[3] *See* OpenAI, Inc. (3858313), *Business Search*, Cal. Sec'y of State, https://bizfileonline.sos.ca.gov/search/business (last visited Sept. 23, 2025).

### B.    Plaintiff Has Not Plausibly Alleged Any Claim Against OpenAI

Plaintiff's Complaint also fails on the merits.  Pursuant to Federal Rule of Civil Procedure 10(c), OpenAI adopts and joins the Motion to Dismiss and memorandum in support thereof filed by Defendants Amazon.com, Inc., Microsoft Corporation, Google LLC, and Anthropic PBC at ECFs 42–43, the substance of which OpenAI has also included below.

Plaintiff's Complaint neither "provide[s] the grounds of h[er] entitlement to relief" nor "include[s] 'enough facts to state a claim to relief that is plausible on its face.'"  *Schmidt*, 2022 WL 18635838, at *1.  The Complaint is silent as to what, if any, causes of action Plaintiff intends to pursue, and fails to give OpenAI adequate notice of what Plaintiff's claims are and the grounds for those claims.  *See Twombly*, 550 U.S. at 555, n.3 ("[R]ule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."); *see also Swierkiewicz*, 534 U.S. at 512; Fed. R. Civ. P. 8(d)(1) & 10(b).  Because the foregoing failures cannot be cured, the Court should dismiss the Complaint with prejudice.

### 1.    *Plaintiff Fails To State A Claim For Copyright Infringement*

To prevail on a claim for copyright infringement, a plaintiff must prove (1) ownership of a valid, registered copyright, and (2) "that the defendant copied original elements of" the registered copyrighted work at issue.  *Softech Worldwide, LLC v. Internet Tech. Broad. Corp.*, 761 F. Supp. 2d 367, 371 (E.D. Va. 2011); *see also Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 306 (2019) (copyright "registration must precede an infringement suit"); *Crouch v. Wu*, No. 24-cv-114, 2024 WL 5415049, at *4 (E.D. Va. July 9, 2024) ("[A] prerequisite to bringing a claim under the Copyright Act, whether that be for damages or for injunctive relief, is registration of that copyright.").  Plaintiff fails on both fronts.

First, Plaintiff's allegations do not establish that she has a registered copyright in ResonanceOS (or in anything else).  In fact, Plaintiff's allegations—along with the U.S. Copyright

6

Office's Public Catalogue of Copyright Records—shows the opposite.  What Plaintiff says is a "U.S. Copyright Registration No."—1-14963942811—is not a copyright *registration* number, but rather a case number assigned to a copyright registration *application*.  *See* U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 605.4 (3d ed. 2021), https://www.copyright.gov/comp3/chap600/ch600-examination-practices.pdf   ("The   U.S. Copyright Office assigns a specific number to each application that it receives, such as '1-929700001.'").[4]  Name and keyword searches of the U.S. Copyright Office's Public Catalogue of Copyright Records for (1) Plaintiff's name ("Sumi Kim" or "Su-Mi Kim"), and (2) the name of the company Plaintiff alleges submitted a copyright registration application ("HealingwaveA.R.I LLC" or "Healingwave"), *see* ECF 4-14 at 1 (C-3.4(A)), generate no results for the work allegedly at issue.  *See* ECFs 25-1–25-8 (Exs. A–F).  And title and keyword searches for "ResonanceOS" similarly generate no results.  *See* ECFs 25-9 & 25-10 (Exs. I & J).  OpenAI respectfully requests that the Court take judicial notice of those results, which confirm that Plaintiff does not have a registered copyright.  *See Sony Music Ent. v. Cox Commc'ns, Inc.*, No. 1:18-cv-950, 2019 WL 13298888, at *1 (E.D. Va. Oct. 18, 2019) ("In addition to certificates of registration, United States Courts of Appeals recognize that District Courts are free to take notice of facts in the online Copyright Catalog."); *see, e.g., Khan v. Google, LLC*, No. 2:22-cv-02333, 2024 WL 5220884, at *4–5 (C.D. Cal. Dec. 24, 2024).  That alone is reason to dismiss Plaintiff's claim.

---

[4] In support of her motion for a TRO, Plaintiff submitted a screenshot of the U.S. Copyright Office's Electronic Copyright Office Registration System that confirms she does *not* have a copyright registration but instead *applied* for one in July and that the number she provided is an application case number.  *See* ECF No. 34-1 at 2 (stating the status of the *application* is "Open" and only the "Upload Status" is "Complete").  This Court should take judicial notice of that screenshot, which confirms what Plaintiff's Complaint makes clear—she does not have a registered copyright.  *See Ironnet*, 2023 WL 5110932, at *4 n.7 (government website judicially noticeable).

Second, even setting registration aside, the Complaint does not allege facts showing "copying of the original elements of the [copyrighted work at issue] by the defendant." *Softech*, 761 F. Supp. 2d at 371–72. Neither the Complaint nor any other filings say anything more than that certain unnamed defendants initiated "structural intrusion attempts" including "waveform-based CID extraction attempts," "reverse hash-resonance mapping," "structural PIO queries," ECF 4-30 at 1 (D-1), "semantic rhythm replicators, and alignment feedback," ECF 4-2 at 1 (C-1).

It is not clear what those words mean. But what is clear is that they do not plausibly assert that whatever OpenAI allegedly did constitutes even a prima facie act of copyright infringement. Copyright owners wield the six enumerated exclusive rights codified in 17 U.S.C. § 106, including the exclusive right to reproduce a work in copies, but do not enjoy wholesale control over all aspects of the work. Even if Plaintiff's filings can be construed to allege that some unidentified actors have engaged in unauthorized access or use of ResonanceOS, *see, e.g.*, ECF 4-13 at 1 (labeling "[m]ore than 400 structural intrusion attempts" as "Evidence of Unauthorized Access," though not tying this alleged unauthorized access to any particular defendant); Compl. at 1 (alleging, generally, that this matter involves "misuse" of ResonanceOS), such allegations, without more, are not allegations of reproduction, or of conduct otherwise reserved exclusively to the copyright owner under § 106, and therefore do not state a claim for copyright infringement. *See, e.g.*, *Woltz v. Copart, Inc.*, No. 94-cv-1967, 1994 WL 507631, at *2 (N.D. Cal. Aug. 25, 1994) (allegations of "using copies of the copyright work without permission," "by themselves, do not constitute copyright infringement"); *see also Gench v. HostGator.com LLC*, No. 14-cv-3592, 2015 WL 3757120, at *11 (S.D.N.Y. June 17, 2015), *report and recommendation adopted*, 2015 WL 4579147 (S.D.N.Y. July 29, 2015) (dismissing copyright infringement claim where plaintiff made

8

"no comprehensible allegations that any of the defendants . . . copied the site's content, produced an infringing work, or took any voluntary action to cause an infringing work to be produced").

The problems with Plaintiff's filings do not end there. Many elements of computer software are not protected by copyright law at all. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 707–08 (2d Cir. 1992). There are no facts alleged here that would tend to suggest that, if OpenAI's alleged use of ResonanceOS was conduct that might constitute copying in the first instance, such copying encompassed protected elements of ResonanceOS as opposed to unprotected elements of the work. And then there is the overarching issue that it is altogether unclear from Plaintiff's filings which defendant is alleged to have done what. That is its own independent obstacle to stating a claim. *See Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 860 (N.D. Cal. 2023) (dismissing complaint based on failure to clearly allege "how each defendant separately violated [plaintiffs'] copyrights"); *see also Walton v. Greensville Corr. Ctr.*, No. 3:14-cv-628, 2015 WL 2452451, at *9 (E.D. Va. May 21, 2015) (describing an impermissible "shotgun pleading" as "one in which the complaint 'fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading or if it is virtually impossible to know which allegations of fact are intended to support which claims[] for relief'" (citation and alteration omitted)).

In short, Plaintiff has failed to plausibly allege any element of a copyright infringement claim. If it reaches the merits, the Court should grant OpenAI's motion and dismiss the Complaint.

### 2. *Plaintiff Fails To State Any Other Claim For Relief*

As noted above, the Complaint does not make clear what causes of action are being asserted. In subsequent filings, however, Plaintiff has made scattered references to several other bodies of law, including patent, trade secret, and contract law. *See, e.g.*, ECF 4 at 2–3, 6; ECF 4-15 (C-3.4(B)); ECF 4-30 at 2 (D-1); ECF 13 at 1–2. The Court should not construe these references

as in fact asserting claims under the referenced laws.  But even were the Court to do so, all such claims fail as a matter of law.

a. *Plaintiff Fails to State a Patent Claim.*  Although the Complaint and other filings initially referenced several provisional patents, *e.g.*, Compl. at 2–3; ECF 1-2 at 1 (C-4.3); ECF 4 at 2–3, 6; ECF 4-15 (C-3.4(B)), Plaintiff has since stated that she did not reference "provisional patent applications" "for a stand-alone patent infringement cause of action."  ECF 13 at 1.  For that reason alone, Plaintiff's Complaint cannot be read to assert a patent claim here.  Even if Plaintiff had not disclaimed a claim of patent infringement, however, she could not prevail on the merits because she admits that she has not asserted a registered patent (or alleged any other elements of a patent infringement claim).  Compl. at 2–3 (referencing "Provisional Patent Application" filed May 25, 2025).  A provisional patent application, like those identified by Plaintiff, "is not a patent and includes no enforceable claims." *U.S. Well Servs., LLC v. Liberty Energy, Inc.*, No. 24-cv-00839, 2025 WL 1886774, at *4 (S.D. Tex. June 17, 2025); *see also Carlucci v. Han*, 907 F. Supp. 2d 709, 729 (E.D. Va. 2012) ("[A] provisional patent application constitutes a filing from which a patent does not actually issue.").

b. *Plaintiff Fails to State a Trade Secret Claim.*  Plaintiff's filings—though, again, not her Complaint—similarly make passing references to "trade secrets," and she has asserted that her "claims in this action are grounded in copyright, trade secret, and contractual protections." *See, e.g.*, ECF 13 at 1; *see also* ECF 4-30 at 2 (D-1).  The only reference she makes in any filing to any law related to trade secrets is in Exhibit D-1 to her TRO motion, where she references the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836.  *See* ECF 4-30 at 2.  Plaintiff has not stated a claim for relief under that law, given her failure to allege any of the elements of that claim, let alone facts that would support her entitlement to relief.  *See SDSE Networks, Inc. v. Mathur*, No.

10

1:22-cv-1024, 2022 WL 18539944, at *4 (E.D. Va. Dec. 28, 2022); *see also* 18 U.S.C. § 1836(b)(1).

      ***c. Plaintiff Fails to State a Breach of Contract Claim.***  The Complaint says nothing about contractual provisions or any alleged breaches thereof.  *See* Compl. at 1–5.  As noted above, Plaintiff nevertheless stated in a later filing that her claims are "grounded in," *inter alia*, "contractual protections."  ECF 13 at 1.  There are no contract claims stated in the Complaint. Indeed, the Complaint fails to allege, even in generalities, *any* of the required elements of a claim. *See, e.g.*, *Navar, Inc. v. Fed. Bus. Council*, 784 S.E.2d 296, 299 (Va. 2016); *Stand Up Digit., Inc. v. Hart*, No. 1:18-cv-919, 2019 WL 6257734, at * 5 (E.D. Va. Nov. 22, 2019).

      ***d. Plaintiff Fails to State a CFAA Claim.***  The Complaint also says nothing about the Computer Fraud and Abuse Act ("CFAA").  Plaintiff nevertheless mentions this law in an exhibit to the TRO motion, where she states that her damages calculation "align[s] with," among other things, "18 U.S.C. §1030 - CFAA."  ECF 4-30 at 2 (D-1).  That passing reference, outside of the Complaint, cannot create a cause of action that has not been alleged—and, indeed, that Plaintiff does not contend to be pursuing.  *See* ECF 13 at 1.  Regardless, Plaintiff has not stated a claim under the CFAA either because her allegations establish none of the proscribed conduct required of a CFAA action.  *Cf.* 18 U.S.C. §1030; *Estes Forwarding Worldwide LLC v. Cuellar*, 239 F. Supp. 3d 918, 922–23 (E.D. Va. 2017).

      ***e. Plaintiff Fails to State a DMCA Claim.***  Like the reference to the CFAA, the only reference to the Digital Millennium Copyright Act ("DMCA") is in Plaintiff's "legal and monetary damages summary" that is not part of the Complaint.  *See* ECF 4-30 at 2 (D-1).  For the same reasons, the Court need not address the DMCA.  Regardless, any such claim would fail on the merits too.  Plaintiff references "DMCA circumvention," and cites the DMCA safe harbor (17

11

U.S.C. § 512).  ECF 4-30 at 2 (D-1).  Even if this is construed as a reference to the DMCA's anti-circumvention provision (17 U.S.C. § 1201), Plaintiff has not stated a DMCA claim.  The Complaint does not explain the single, conclusory reference to "reverse-engineering attempts."  *See* Compl. at 1.  Regardless of what that means, Plaintiff has not alleged that she "put into place a technological measure that would have protected a copyright, or that any Defendant circumvented such a measure."  *Chambers v. Amazon.com, Inc.*, 632 F. App'x 742, 744 (4th Cir. 2015); *see id.* (affirming dismissal of DMCA claim).  To the contrary, Plaintiff alleges that she made publicly available the very "system" she says Defendants should not have had any access to.  *See* Compl. at 2 (alleging that Plaintiff "[p]ublicly release[d]" ResonanceOS "via X (Twitter), including system diagrams and integration notices," and "[p]ublish[ed]" a "paper" that "disclos[ed] full system architecture and implementation").  The Complaint thus does not state a claim under the DMCA.

   ***f. Plaintiff Fails to State a Lanham Act Claim.***   The same exhibit lists "Lanham Act § 43(a) - False attribution."  ECF 4-30 at 2 (D-1); *see* 15 U.S.C. § 1125(a).  In addition to the same flaws noted already, this single reference to the Lanham Act cannot give rise to a plausible claim.  Indeed, the words "trademark" or "Lanham Act" appear nowhere else in any of Plaintiff's filings.  This does not even rise to the level of a "[t]hreadbare recital[] of the elements of a cause of action," which the Supreme Court has said "do[es] not suffice" to plead a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

   ***g. Plaintiff Fails to State an Unjust Enrichment Claim.***   Plaintiff's reference to "unjust enrichment" in this same list is likewise insufficient.  ECF 4-30 at 2 (D-1).  This phrase, too, appears only this one time in any of Plaintiffs' filings.  Plaintiff does not allege any of the basic elements required for an unjust enrichment claim, much less allege how or why she would be

entitled to any relief as to any particular Defendant.  *See, e.g.*, *Firestone v. Wiley*, 485 F. Supp. 2d 694, 704 (E.D. Va. 2011).

### 3.    *The Complaint's Deficiencies Cannot Be Cured*

When "amendment would not cure the Complaint's deficiencies, the dismissal [should] be with prejudice."  *Ferebee v. City of Chesapeake Police Dep't*, No. 1:22-cv-541, 2022 WL 2165987, at *1 (E.D. Va. May 19, 2022); *see also McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009) ("[W]hen a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend.").  Here, there is no way for Plaintiff to salvage the Complaint's deficient allegations.  Plaintiff cannot plead a plausible copyright infringement claim because there are no valid copyright registrations; she cannot plead a plausible patent claim because there are no valid patents; she cannot plead a plausible trade secret claim because there are no trade secrets; and she cannot plead a plausible contract claim because there are no contracts.  These deficiencies cannot be remedied by any amendment.  Leave to amend would therefore be futile.  *See, e.g.*, *Tholley v. AAA Pediatrics*, No. 1:25-cv-370, 2025 WL 1559154, at *4 (E.D. Va. June 2, 2025) ("'[D]istrict courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny.'  Here, leave to amend would be futile; there are no actionable claims." (quoting *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021))).  If it reaches the merits, the Court should dismiss the Complaint with prejudice.

## V.    CONCLUSION

For the foregoing reasons, the Court should grant OpenAI's motion and dismiss the Complaint.

Dated: September 23, 2025                          Respectfully submitted,

                                                   */s/ Cailyn Reilly Knapp*
                                                   Cailyn Reilly Knapp (VA Bar No. 86007)
                                                   BAKER BOTTS L.L.P.
                                                   700 K Street, NW
                                                   Washington, DC 20001
                                                   Tel.: (202) 639-7753
                                                   Fax: (202) 585-4070
                                                   Email: *cailyn.reilly.knapp@bakerbotts.com*

                                                   LATHAM & WATKINS LLP
                                                   Andrew M. Gass (*pro hac vice*)
                                                   505 Montgomery Street, Suite 2000
                                                   San Francisco, CA 94111
                                                   Telephone: (415) 391-0600
                                                   Facsimile: (415) 395-8095
                                                   Email: *andrew.gass@lw.com*

                                                   Sarang V. Damle (*pro hac vice*)
                                                   Elana Nightingale Dawson (*pro hac vice*)
                                                   555 Eleventh Street, NW, Suite 1000
                                                   Washington, DC 20004
                                                   Telephone: (202) 637-2200
                                                   Facsimile: (202) 637-2201
                                                   Email: *sy.damle@lw.com*
                                                   Email: *elana.nightingaledawson@lw.com*

                                                   *Counsel for Defendant OpenAI, Inc.*

14