IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SUMI KIM,<br><br>   Plaintiff,<br><br>v.<br><br>OPENAI INC., X CORP., GOOGLE LLC, MICROSOFT CORPORATION, ANTHROPIC PBC, AMAZON.COM INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, STANFORD UNIVERSITY, META PLATFORMS, INC.,<br><br>   Defendants. | Civil Action No. 1:25-cv-1258-PTG-IDD |

**DEFENDANT X CORP.'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

I.  **INTRODUCTION**

Plaintiff Sumi Kim's ("Plaintiff") Complaint should be dismissed for at least two, independent reasons:

*First,* this Court lacks personal jurisdiction over X Corp. Plaintiff's Complaint is devoid of allegations about personal jurisdiction at all, much less allegations sufficient to establish that this Court has general or specific personal jurisdiction over X Corp.—a corporation headquartered in Nevada with a principal place of business in Texas.

*Second*, Plaintiff's Complaint fails to state a claim against X Corp. Plaintiff fails to identify any specific claim against X Corp. (or any defendant, for that matter). Even construing the inscrutable Complaint as purporting to assert claims for copyright and patent infringement, Plaintiff fails to plausibly allege any of the required elements of those claims. Finally, Plaintiff's attempt at rewriting her Complaint through a pleading should be rejected and, even if considered, confirms that Plaintiff fails to state a claim.

Accordingly, X Corp. respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

II.  **BACKGROUND**

According to the Complaint, Plaintiff is the alleged "sole inventor and architect of ResonanceOS," which, according to Plaintiff, is an "original and independently developed rhythm-based artificial intelligence cognition system." Docket No. 1 ("Complaint" or "Compl.") at 1. Plaintiff contends this "matter" involves "active and unauthorized intrusions, misuse, and reverse-engineering attempts" targeting ResonanceOS. *Id.* at 2.

Plaintiff's Complaint names X Corp. as a defendant, as well as six other technology companies (OpenAI Inc., Google LLC, Microsoft Corporation, Anthropic PBC, Amazon.com Inc., and Meta Platforms, Inc.) and two universities (Massachusetts Institute of Technology and

1

Stanford University). Plaintiff's Complaint, however, does not identify any claim against X Corp. or any other defendant. Plaintiff's "Statement of Jurisdiction," filed separately, states that the Complaint asserts claims "aris[ing] under the United States Copyright Act [and] the Patent Act." Dkt. No. 1-2 at 1. But although Plaintiff purports to have "copyright & patent evidence" of ResonanceOS, Plaintiff does not allege ownership of a valid copyright or patent. *See* Compl. at 3–4.

Plaintiff's Complaint also does not specify what X Corp.—or any other defendant—did to carry out any alleged misconduct. With respect to X Corp., Plaintiff allegedly "made every effort to resolve these matters peacefully and professionally with major AI corporations," but "despite 40 direct communications—including messages to OpenAI (Sam Altman), X (Elon Musk), Google, Meta, Microsoft, Anthropic, Amazon, MIT, and Stanford–no meaningful response was received." Compl. at 2.[1]

Plaintiff seeks "emergency relief," including a temporary restraining order "halting further use, access, or reverse-engineering of ResonanceOS" by the defendants and "affiliated institutions," "enforce[ment of] of copyright protections over the ResonanceOS framework," and "[r]ecogn[ition of] the ongoing pattern of intrusion, misappropriation, and institutional silence as legal and ethical misconduct." *Id.* at 4.

Nearly a month after filing the Complaint, Plaintiff filed a "Notice of Clarification Regarding Terminology in Exhibits C-2.4, C-2.6, and C-2.7." Dkt. No. 13. There, Plaintiff denied that she was asserting "independent patent claims" in her Complaint. Dkt. No. 13 at 1. Instead, she characterized her claims in this action as "grounded in copyright, trade secret, and contractual

---

[1] Plaintiff also alleges that she "[p]ublic[ly] release[d] . . . ResonanceOS structural design and licensing statement via X," Compl. at 2, but it is unclear how that allegation relates to her alleged claims, if at all.

protections." *Id.* Plaintiff did not identify any specific allegations in her Complaint pertaining to these purported claims.

### III. ARGUMENT

#### A. This Court Lacks Personal Jurisdiction over X Corp.

Under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016). To determine personal jurisdiction, "the Court undertakes a two-step inquiry. First, the Court determines whether the long-arm statute of the forum state authorizes the exercise of jurisdiction over the challenging, nonresident defendant. Then, the Court evaluates whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment." *Andrews v. Shandong Linglong Tyre Co., Ltd.*, 656 F. Supp. 3d 583, 591 (E.D. Va. 2023) (citation omitted). In Virginia, "the two-prong test collapses into a single inquiry"—*i.e.*, whether the defendant "ha[s] certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (second alteration in original).

Plaintiff fails to establish this Court has personal jurisdiction over X Corp. The Complaint is devoid of *any* allegations regarding personal jurisdiction about any defendant, much less X Corp. In any event, Plaintiff does not, and cannot, show that this Court has general jurisdiction over X Corp., a corporation incorporated in Nevada whose principal place of business is in Texas. Further, Plaintiff's Complaint lacks allegations sufficient to establish this Court has specific jurisdiction over X Corp. Accordingly, this Court lacks personal jurisdiction over X Corp., and the Complaint should be dismissed.

### 1. This Court lacks general jurisdiction over X Corp.

A court may assert general jurisdiction over nonresident defendants only when their "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (*quoting Int'l Shoe*, 326 U.S. at 317). Absent exceptional circumstances, a corporate defendant is only "at home" in a forum where it is either incorporated or has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Plaintiff's Complaint is devoid of allegations sufficient to establish that X Corp. is "at home" in Virginia. Plaintiff does not, and cannot, allege that X Corp.'s place of incorporation or its principal place of business is located in Virginia. (In fact, X Corp. is a Nevada corporation with its principal place of business in Texas. *See* Declaration of Kenneth M. Trujillo-Jamison, Ex. 1.)[2] Moreover, Plaintiff's allegations in her Complaint show *no* connection between X Corp. and Virginia at all. Thus, the Court lacks general jurisdiction over X Corp. *See Daimler AG*, 571 U.S. at 137; *see also, e.g.*, *Geegieh v. Unknown Parties*, No. CV-24-02993-PHX-SMB, 2025 WL 1769766, at *3–4 (D. Ariz. June 26, 2025) (finding no general jurisdiction over X Corp. where the operative complaint that was "bereft of allegations to support general jurisdiction," including "no allegations of X Corp.'s place of incorporation or principal place of business" and "no allegations regarding X Corp.'s Arizona affiliations").

### 2. This Court lacks specific jurisdiction over X Corp.

Specific jurisdiction exists only "where the defendant's contacts with the forum state 'form

---

[2] X Corp. respectfully requests that the Court take judicial notice of this document, which is X Corp.'s Statement of Information filed with the California Secretary of State. *Theerachanon v. Westlake Fin. Servs.*, No. 3:23CV818 (RCY), 2025 WL 19813, at *7 (E.D. Va. Jan. 2, 2025) (taking judicial notice of state records showing a business's' state of incorporation and principal place of business).

the basis for the suit.'" *Hassan v. Barzani*, 674 F. Supp. 3d 282, 292 (E.D. Va. 2023) (citations omitted). In the Fourth Circuit, courts apply a three-part test to evaluate whether a defendant's contacts are sufficient to establish specific jurisdiction: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (citations omitted). To make this determination, courts must decide whether the defendant's "conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This turns on "whether the defendant's actions connect [it] to the forum . . . ." *Walden v. Fiore*, 571 U.S. 277, 288–89 (2014) (alteration in original) (finding no "minimal contacts" where "no part of [defendant]'s course of conduct occurred in" the forum state).

Plaintiff does not allege *any* conduct by X Corp. in Virginia *at all*, much less any that would give rise to specific jurisdiction over X Corp. in this state. As noted, the Complaint is entirely devoid of allegations as to jurisdiction. In a separately filed "Statement of Jurisdiction," Plaintiff contends venue is proper in this Court because "*Plaintiff* resides in this district and a substantial part of the events giving rise to the claims occurred within this district." Dkt. No. 1-2 at 1 (emphasis added). That Plaintiff allegedly resides in Virginia is, by itself, insufficient to establish specific jurisdiction over X Corp. *See Long v. Chevron Corp.*, No. 4:11cv47, 2011 WL 3903066, at *13 (E.D. Va. Sept. 2, 2011) (plaintiff failed to establish personal jurisdiction where, "[a]t most, Plaintiff alleges that Defendants have business interests in Virginia that do not relate to this lawsuit and Plaintiff has suffered injury in Virginia . . . .") (cleaned up). Plaintiff's latter,

5

conclusory allegation that "a substantial part of the events giving rise to the claims" purportedly occurred in the Eastern District of Virginia—an allegation wholly unsupported by allegations in the Complaint–is also insufficient to establish specific jurisdiction over X Corp. *See, e.g.*, *Baker v. Patterson Medical Supply, Inc.*, No. 4:11cv37, 2011 WL 7153948, at *4 n.5 (E.D. Va. Nov. 17, 2011) ("bare legal conclusions are insufficient to establish a prima facie case of jurisdiction"); *Orion Capital, LLC v. Promier Prods., Inc.*, No. 4:21-cv-0015, 2021 WL 4943501, at *5 (W.D. Va. Oct. 22, 2021) (finding no personal jurisdiction over defendant in Virginia where plaintiff made only "conclusory statements asserting that personal jurisdiction" existed).

In sum, because Plaintiff fails to establish either general or specific personal jurisdiction over X Corp., Plaintiff's Complaint should be dismissed.

### B.     Plaintiff's Complaint Fails to State a Plausible Claim

Even if this Court had personal jurisdiction over X Corp. (as explained above, it does not), the Complaint may be dismissed for the additional reason that Plaintiff fails to state *any* claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted). "[P]lausibility" requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable." *Id.* at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

At the outset, the Complaint does not identify any specific claim against X Corp., nor even any specific allegation of misconduct by X Corp. (or any of the other named defendants) that could give rise to a claim. Having failed to put X Corp. on notice of any claims asserted against it,

6

Plaintiff fails to comply with the basic requirements of Federal Rule of Civil Procedure 8 and does not state any plausible claim. *See Bing v. Birvo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (although pro se complaints must be broadly construed, they still "must contain 'factual allegations sufficient to raise a right to relief above the speculative level'") (alterations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Sewraz v. Guice*, No. 3:08-cv-35, 2008 WL 3926443, at *1 (E.D. Va. Aug. 26, 2008) (noting that "pro se plaintiffs must recognize Rule 8's vision for 'a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims") (citation omitted; emphasis omitted); *Stosdill v. Clear*, No. 7:23cv00133, 2025 WL 952261, at *3 (W.D. Va. Mar. 28, 2025) (the plaintiff's "collective references" to the defendants did not "substitute for the requirement that he identify actions or inactions of each individual defendant" under Rule 8).

### 1.     *Plaintiff fails to state a plausible copyright infringement claim.*

To the extent Plaintiff's allegations could be construed as a claim for infringement of her alleged copyright in the "full ResonanceOS system" (Compl. at 3), Plaintiff fails to plausibly allege such a claim. To state a violation of the Copyright Act, Plaintiff must plausibly allege: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff's Complaint fails to plausibly allege either element.

*First*, Plaintiff does not plausibly allege ownership of a valid copyright. Although Plaintiff alleges she presented a "Completed U.S. Copyright registration," Compl. at 3, the actual exhibit referenced by Plaintiff indicates that she submitted only a copyright *application*, and Plaintiff did not attach a certificate from the Copyright Office demonstrating the application was granted. *See* Dkt. No. 4-14 at 44 ("[t]he following document summarizes the strategic copyright *submission*")

7

(emphasis added). Further, as shown in Defendants Amazon.com, Inc., Google LLC, and Microsoft Corporation's Opposition to Plaintiff's TRO (Dkt. No. 25), there is no record of any registered copyright registration for any of the work allegedly at issue. *See* Dkt. Nos. 25-1–25-10.[3] That Plaintiff has not demonstrated ownership of a valid copyright is fatal to her copyright infringement claim. *See Fourth Estate Pub. Ben. Corp. v. Wall-Street.com*, 586 U.S. 296, 302 (2019) (affirming dismissal of copyright claim where plaintiff alleged is had filed applications to register documents with the Copyright Office but did not allege the applications had been granted before suing); 17 U.S.C. § 411(a) ("no civil action for infringement . . . shall be instituted until . . . registration of the copyright claim has been made in accordance with this title"); *Harris v. Lexjet Corp.*, No. 3:09-CV-616, 2009 WL 4683699, at *3 (E.D. Va. Dec. 3, 2009) (dismissing copyright infringement claim where the plaintiff made "several references to the copyright registration in his [c]omplaint" but did not provide a copy of it or otherwise plead facts sufficient to establish he owned a valid registered copyright).

*Second*, Plaintiff's Complaint fails to plausibly allege that X Corp. copied *anything* from Plaintiff, much less "constituent elements of [Plaintiff's] work that are original." *Feist Publ'ns*, 499 U.S. at 31. X Corp. is a social media company; it does not develop or engineer artificial intelligence technologies, and it has no products that resemble or would utilize Plaintiff's allegedly infringed work. Plaintiff's sole reference to X Corp. in the Complaint is the purported "direct . . . messages to . . . X (Elon Musk) . . . ," to which "no meaningful response was [allegedly] received." Compl. at 2. This fails to plausibly allege any copying took place. Thus, Plaintiff fails to plausibly

---

[3] X Corp. joins in the other defendants' request that the Court take judicial notice of exhibits from the Copyright Catalog. *See Sony Music Ent. v. Cox Commc'ns, Inc.*, No. 1:18-cv-950, 2019 WL 13298888, at *1 (E.D. Va. Oct. 18, 2019) ("In addition to certificates of registration, United States Courts of Appeals recognize that District Courts are free to take notice of facts in the online Copyright Catalog.").

8

allege this second required element of a copyright infringement claim. *See, e.g.*, *Metro. Eng'g, Inc. v. WDG Architecture, PLLC*, No. 1:22-cv-1413, 2023 WL 5673117, at *5 (E.D. Va. Sep. 1, 2023) (dismissing copyright claim for failure to plausibly allege the defendant copied any copyrighted work where plaintiff did not allege the content of defendant's alleged copied drawings or attach them to the complaint); *Macher v. Netflix, Inc.*, 684 F. Supp. 3d 509, 515–16 (W.D. Va. 2023) (dismissing copyright claim for failing to allege any facts supporting the conclusory allegation the defendant "copied protected aspects of his book").

### 2. *Plaintiff fails to state a plausible patent infringement claim.*

To the extent Plaintiff's Complaint could be construed to state a claim under the Patent Act, Plaintiff also fails to plausibly allege such a claim.[4] "To plead patent infringement, a plaintiff must first identify which patent claims the defendant infringed." *Chan Soo Kim v. Green Tea Ideas, Inc.*, No. 3:17-CV-00449, 2018 WL 1172998, at *2 (E.D. Va. Mar. 6, 2018). Next, the plaintiff must "specify which features of an accused product correspond to the limitations in the allegedly infringed patent," and "identify with particularity how each allegedly infringing feature of the accused product infringes the patent, literally or under the doctrine of equivalents." *Id.* (citation modified).

Plaintiff's Complaint fails to plead facts sufficient to establish any of these requirements. For starters, the Complaint identifies only a provisional patent application, not an enforceable patent, and therefore the purported patent infringement claim fails as a matter of law. *See* Compl.

---

[4] Plaintiff's Complaint purports to provide "Patent Evidence[,]" including a citation to a "USPTO Provisional Patent Application No. 63/811,886." Compl. at 3. Plaintiff's separately filed "Statement of Jurisdiction" also asserts that Plaintiff's "claims arise under . . . the Patent Act." Dkt. No. 1-2. Plaintiff later contradicted these statements in her "Notice of Clarification," where she asserts she is not alleging a "stand-alone patent infringement cause of action." Dkt. No. 13. Out of an abundance of caution, however, X Corp. explains why Plaintiff's Complaint fails to state a patent infringement claim.

9

at 3 (identifying USPTO *Provisional* Patent Application) (emphasis added); *Chinsamny v. United States*, 94 Fed. Cl. 21, 25 (2010) (dismissing patent infringement claims relying on a provisional patent because "[p]rovisional patent rights do not exist independently of the requisite approved and issued patent"). The Complaint also is devoid of allegations identifying the features of Plaintiff's allegedly infringed work, much less which features of any product by X Corp. that correspond to that work (X Corp. does not have AI products), nor does Plaintiff "identify with particularity" how each "allegedly infringing feature" of any product by X Corp. "infringes" his work. *See generally* Compl. *See Kim*, 2018 WL 1172998, at *2.

> 3.  ***Plaintiff's improper attempt to amend her Complaint through a pleading should be rejected and, in any event, confirms she fails to state a claim against X Corp.***

This Court should reject Plaintiff's attempt to rewrite her deficient Complaint through a "Notice of Clarification Regarding Terminology in Exhibits C-2.4, C-2.6, and C2.7" (Dkt. No. 13), where she disavows her patent claim and contends her Complaint asserts claims "grounded in copyright, trade secret, and contractual protections." *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing . . . .").

Even if Plaintiff's belated characterizations of her Complaint are credited, she still fails to state any claim against X Corp. As explained above, §§ III.B.1–2, *supra*, Plaintiff fails to state a plausible claim for copyright or patent infringement.

Plaintiff also fails to state a claim for misappropriation of trade secrets. To state such a claim, Plaintiff must allege "(1) the existence of a trade secret, and (2) its misappropriation by a defendant*." JTH Tax, Inc. v. Williams*, 310 F. Supp. 3d 648, 655 (E.D. Va. 2018). A trade secret may not be generally known or "readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use." *Id.* Plaintiff makes no attempt to allege either

10

of these elements. To the contrary, as described in the Complaint, ResonanceOS has been made public numerous times: Plaintiff alleges to have "released" ResonanceOS on X, applied for a patent, and disclosed ResonanceOS in a published technical paper. Compl. at 2. Thus, it cannot be the basis for a misappropriation of trade secrets claim.

Finally, Plaintiff fails to state any "contractual claims" against X Corp. *See* Dkt. No. 13 at 1. "It is well settled that Virginia law requires an absolute mutuality of engagement between the parties to a contract, whereby each party is bound and each party has the right to hold the other party to the agreement." *Brown v. Porter*, No. 2:19CV376, 2020 WL 7704639, at *12 (E.D. Va. Oct. 20, 2020), report and recommendation adopted, No. 2:19CV376, 2020 WL 7226143 (E.D. Va. Dec. 8, 2020), *aff'd*, No. 21-1035, 2022 WL 337129 (4th Cir. Feb. 4, 2022). Plaintiff fails to allege the existence of any contract between Plaintiff and X Corp. *See generally* Compl. Even if she had (she does not), the Complaint also fails to allege facts sufficient to establish any breach of any so-called contract, causation, or damages. Thus, even if Plaintiff's Complaint were very charitably read to include a contract claim, Plaintiff fails to state that claim against X Corp.

## IV.   CONCLUSION

For all these reasons, X Corp. respectfully requests that the Court dismiss the Complaint with prejudice.

Dated: September 23, 2025

Respectfully submitted,

*/s/ Frederick S. Rudesheim*
Frederick S. Rudesheim (VA Bar No. 99649)
Shook, Hardy & Bacon
1800 K St. NW, Suite 1000
Washington, DC 20006
Telephone: (202) 639-5653
Email: frudesheim@shb.com

Kenneth M. Trujillo-Jamison

        (application for admission pro hac vice forthcoming)
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250
ktrujillo-jamison@willlenken.com

*Attorneys for Defendant X Corp.*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on September 23, 2025, I electronically filed the foregoing Motion, as well as the Memorandum of Law in Support, with the Clerk of the Court using the CM/ECF system and served electronically on all registered users.

*/s/ Frederick S. Rudesheim*
*Attorney for Defendant X Corp.*
