IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SUMI KIM,

*Plaintiff*,

v.

OPENAI INC., *et al.*,

*Defendants*.

Case No. 1:25-cv-1258 (PTG/IDD)

**ORDER**

This matter comes before the Court on Defendants' motions to dismiss the Amended Complaint. Dkts. 125, 127, 129. On December 8, 2025, Plaintiff Sumi Kim, proceeding *pro se*, filed the Amended Complaint against OpenAI, Inc. ("OpenAI"); X Corp.; Meta; Massachusetts Institute of Technology ("MIT"); The Board of Trustees of The Leland Stanford Junior University ("Stanford"); Amazon.com ("Amazon"); Google, LLC ("Google"); Microsoft Corporation ("Microsoft"); and Anthropic, PBC ("Anthropic").[1] Dkt. 121. All defendants moved to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6). Dkts. 125, 127, 129. Additionally, Defendants X Corp., MIT, and Stanford also seek dismissal under Rule 12(b)(2) on the grounds that this Court lacks personal jurisdiction over them. Dkts. 125, 127. With respect to the motions, the Court entered an order notifying Plaintiff that she had twenty-one days (21) days from the entry of the order to file oppositions. Dkt. 132; *see also Roseboro v. Garrison*, 528

[1] Plaintiff filed the original complaint on July 30, 2025. Defendants moved to dismiss the original complaint. On November 14, 2025, the Court heard argument on Defendants' motions. Dkt. 119. On November 18, 2025, the Court dismissed the original complaint and gave Plaintiff leave to amend. Dkt. 120.

F.2d 309 (4th Cir. 1975). Plaintiff filed oppositions. Dkts. 135, 136, 137. Having considered the parties' arguments and for the reasons that follow, the Court grants Defendants' motions.

Plaintiff is a developer of a system, "ResonanceOS," that "incorporates a cryptographically sealed architecture—including rhythmic encoding modules, resonance analyzers, non-storage memory alignment" Dkt. 121 ¶ 3. Plaintiff alleges Defendants had "constructive notice" of the system through its publication and distribution, and that Plaintiff had also filed a patent application. *Id.* ¶ 57 ("Plaintiff provided constructive notice through publication and distribution of the protected structures"); *id.* ¶¶ 5, 22 (referencing and "U.S. Non-Provisional Patent Application No. 19/367,995"). Plaintiff also alleges that she obtained a copyright registration for ResonanceOS sometime *after* Plaintiff initially filed this lawsuit. *Id.* ¶ 51 (stating "Plaintiff owns valid and enforceable copyrights in the ResonanceOS Thesis (TX 9-540-509)"); Dkt. 121-12 (attaching copyright registration TX 9-540-509 which reflects an effective date of October 15, 2025 and a decision date of November 18, 2025). The instant lawsuit arises from "Defendants' [alleged] unauthorized structural access to, replication of, and computational use of Plaintiff's ResonanceOS system." Dkt. 121 ¶ 2. The Amended Complaint alleges five causes of action against Defendants X Corp.[2], OpenAI, Google, Microsoft, Anthropic, Amazon, and Meta:

Count I: copyright infringement, in violation of 17 U.S.C. §§ 106, 504;

Count II: patent infringement, in violation of 35 U.S.C. §§ 271, 284;

Count III: violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201;

Count IV: violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030;

[2] The Amended Complaint references "X Corp." as "Grok/XAI"). It is not necessary for the Court to decide whether this is proper in order to rule on the pending motions.

and

Count V: misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836. Counts IV and V are also asserted against Defendants MIT and Stanford.

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). A court may assert general jurisdiction over a corporation when its affiliation with the State is so "continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). For a court to assert specific personal jurisdiction over a defendant, a plaintiff must demonstrate that the defendant purposely established minimum contacts in the forum state such that it should reasonably anticipate being haled into court there on a claim arising out of those contacts. *Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 198 (4th Cir. 2018) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Here, Plaintiff does not assert that Defendants X Corp., MIT, or Stanford are incorporated in Virginia or have affiliations that are "so continuous" as to render them at home in Virginia. MIT is organized under the laws of Massachusetts and Stanford is organized under the laws of California, with each's principal place of business in those respective states. X Corp. is a Nevada corporation with a principal place of business in Texas. Plaintiff makes no attempt to contend that general personal jurisdiction is proper. Plaintiff seems to assert that this Court has specific jurisdiction by alleging that these defendants routed internet traffic through servers located in Virginia. Dkt. 121 ¶ 18. However, the Fourth Circuit has held that this allegation is insufficient to establish personal jurisdiction. *See Young v. New Haven Advoc.*, 315 F.3d 256, 263 (4th Cir.

2002) ("a person's act of placing information on the internet is not sufficient by itself . . . to [establish] personal jurisdiction in the State in which the information is accessed"). As such, the Court dismisses all claims against X Corp., MIT, and Stanford for lack of jurisdiction.[3]

Next, the Court considers the motion to dismiss for failure to state a claim as to the remaining defendants. To survive a motion to dismiss under Federal Rule 12(b)(6), a Plaintiff must "provide the grounds of his entitlement to relief," including "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must plead factual content allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (first quoting *Iqbal*, 556 U.S. at 679; and then quoting *Twombly*, 550 U.S. at 557). Although allegations in a *pro se* complaint are construed liberally, a *pro se* complaint must still allege a plausible claim for relief. *Leggo v. M.C. Dean, Inc.*, No. 1:22-cv-374, 2023 WL 1822383, at *1 (E.D. Va. Feb. 7, 2023).

In Count I, Plaintiff alleges that Defendants are liable for copyright infringement in violation of 17 U.S.C. §§ 106(1)–(3). To state a claim for copyright infringement a plaintiff must establish (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). A claimant may only commence an infringement suit after the Copyright Office registers a copyright, not before. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019).

[3] Because the Court dismisses on this ground, it is not necessary to address Defendants X Corp., MIT, or Stanford's arguments under Rule 12(b)(6). However, even if it did, the Court would find that Plaintiff fails to state a claim as a matter of law.

Here, as Defendants point out, Plaintiff references a copyright that has an effective date of October 15, 2025, and a registration decision date of November 18, 2025. Dkt. 130 at 6 n.1; Dkt. 121-12. Notably, Plaintiff initially filed this suit on July 30, 2025, months before a copyright was ever registered. *See* Dkt. 1. That is fatal to Plaintiff's claim. Further, the Amended Complaint only states that "Defendants accessed, executed, reproduced, and created derivative structural outputs of Plaintiff's copyrighted work without authorization." Dkt. 121 at 8.[4] This conclusory statement does not allege what was copyrighted or what specifically was copied; thus, it fails to plausibly state a claim for relief. *See Levi v. Twentieth Century Fox Film Corp.*, No. 3:16-cv-129, 2018 WL 1542239, at *9 (E.D. Va. Mar. 29, 2018) (dismissing a claim where the plaintiff failed to plead facts plausibly demonstrating that the challenged work was substantially similar to the copyrighted work). Because Plaintiff filed this suit before registering a copyright and the Amended Complaint does not plausibly state a claim for copyright infringement, the Court dismisses Count I.

Under Count II, Plaintiff alleges patent infringement, in violation of 35 U.S.C. § 271. The Amended Complaint, however, only references the "U.S. Non-Provisional Patent Application No. 19/367,995." Dkt. 121 ¶ 54. A plaintiff cannot plead a plausible patent claim where there is no valid patent. Thus, the Court dismisses Count II.

As to Count III, Plaintiff alleges that Defendants violated the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201. A DMCA claim requires a plaintiff to allege "(1) ownership of a valid copyright in the work at issue; (2) that the work at issue is effectively controlled by a technological measure; and (3) that defendants illegally trafficked in a technology, product,

[4] The Amended Complaint references "Exhibits A-1 through A-4, C-1 through C-4." Dkt. 121 ¶ 52. These exhibits are not attached. Their inclusion would not change the Court's analysis.

service, device, component, or part that meets one of three criteria—namely, that it either (a) is primarily designed or produced for the purpose of circumventing that technological measure, (b) has limited commercially significant purpose or use other than circumvention of that technological measure, or (c) is marketed by defendants for use in circumventing that technological measure." *Microsoft Corp. v. Pronet Cyber Techs., Inc.*, No. 1:08-cv-434, 2008 WL 11517434, at *5 (E.D. Va. Dec. 5, 2008). Moreover, to "circumvent a technological measure" is defined, in pertinent part, as "to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." *Id.*

Here, as stated, Plaintiff did not have a valid copyright at the time she initially filed this suit. Even if she did, the Amended Complaint only alleges that "Defendants intentionally circumvented these TPMs through reverse-engineering operations."[5] Dkt. 121 ¶ 59. It does not state if or how a technological measure controlled access or how the technological measure was circumvented. Plaintiff does nothing more but provide "naked assertions" and "conclusory allegations" devoid of factual enhancement. *See Giacomelli*, 588 F.3d at 193. Thus, the Court dismisses Count III.

Finally, Count IV (Computer Fraud and Abuse Act) and Count V (Misappropriation of Trade Secrets) fail as a matter of law. Plaintiff admits that she made the information publicly available. Dkt. 121 ¶ 57; Dkt. 136 at 3. Publicly available information will not give rise to liability under the Computer Fraud and Abuse Act. *Ryanair DAC v. Booking Holdings Inc.*, 636 F. Supp. 3d 490, 508 (D. Del. 2022) (recognizing that accessing "publicly available data" did not "constitute access without authorization under the CFAA"). Additionally, information revealed to the public

---

[5] The Amended Complaint references Exhibits C-1 through C-4, D-1 through D-4 as evidence but those exhibits are not attached to the amended complaint. Dkt. 121 ¶ 59. However, even if they had been, it would not change the Court's analysis.

cannot be considered a secret. *See JTH Tax, Inc. v. Williams*, 310 F. Supp. 3d 648, 655 (E.D. Va. 2018). As such, the Court dismisses Counts IV and V.

The Court also finds that further amendment could not cure the deficiencies outlined above. Thus, it will not grant Plaintiff leave to amend.

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED** that Defendants MIT and Stanford's Motion to Dismiss (Dkt. 125) and Defendant X Corp.'s Motion to Dismiss (Dkt. (127) are **GRANTED,** and Defendants MIT, Stanford, and X Corp. are **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that Defendants OpenAI, Google, Microsoft, Anthropic, Amazon, and Meta's Motion to Dismiss (Dkt. 129) is **GRANTED** for failure to state a claim.

To appeal this decision, Plaintiff must file a Notice of Appeal (NOA) with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

The Clerk is **DIRECTED** to close this matter.

Entered this 23rd day of July, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge